J-S57029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JILLIAN TAIT | : | |
| | : | |
| Appellant | : | No. 260 EDA 2018 |

Appeal from the Judgment of Sentence December 11, 2017
in the Court of Common Pleas of Chester County
Criminal Division at No.:  CP-15-CR-0004412-2014

BEFORE:   PANELLA, J., PLATT*, J., and STRASSBURGER*, J.

MEMORANDUM BY PLATT, J.:                    **FILED OCTOBER 19, 2018**

Appellant, Jillian Tait, appeals from the judgment of sentence imposed following her counselled, negotiated, open guilty plea to murder of the third degree, conspiracy to commit murder of the first degree, endangering the welfare of children, possessing instruments of crime, simple assault and related offenses.  Appellant actively participated with her boyfriend in the protracted beating death of her three-year-old son.  They also beat her six–year–old son, who survived.  The court imposed an aggregate sentence of not less than forty-two nor more than ninety-four years of incarceration.  Appellant challenges her sentence as excessive.  We affirm.

The facts of this case are not in substantial dispute.  Appellant's criminal charges and open plea of guilty arose out of her joining in the beating death, over the course of three days, of her three-year-old son, and the non-fatal

---

*   Retired Senior Judge assigned to the Superior Court.

assault of her six-year-old son. The six-year-old son was present during the beatings of his three-year-old brother. The children were suspended upside down by their feet during the beatings. The murder victim was also taped to his chair so he would not fall out from the beatings.

The acknowledged principal perpetrator was Appellant's new live-in boyfriend (of twenty-three or so days), Gary Fellenbaum. Fellenbaum's "estranged" wife, Amber, was also involved, in some sort of an ersatz *menage a trois*.[1]

Although Appellant claims only Gary Fellenbaum, (not she), punched the deceased child with a closed fist, she does not deny the rest of her involvement in the beatings, *e.g.*, that she hit the children with a wooden spoon and a frying pan, and apparently a curtain rod. They also used a homemade whip on the children. (**See** Facts in Support of Plea, 2/28/18). Instead of doing anything to stop Fellenbaum, Appellant actively assisted him.

Notably, after the beatings rendered the three-year-old child unconscious on the second and third days, they put him in a shower to revive him, apparently so he could be beaten again. On the third day, he did not respond. When he finally succumbed to his numerous injuries, it appears that Amber Fellenbaum belatedly called the police.

_____

[1] The Fellenbaums also had an eleven-month-old daughter. She was not the object of any beatings addressed in this appeal.

- 2 -

There is no dispute that Appellant cooperated with the police when she was arrested. She gave them a confession. She also claims that she did not file any pre-trial motions or engage in any other procedures that would have held up prosecution.[2] Appellant attributes Mr. Fellenbaum's plea to first-degree murder to her own guilty plea and stated willingness to testify against him at a trial. (**See** Appellant's Brief, at 11). Mr. Fellenbaum was sentenced to life without parole.

As a result of her plea, the Commonwealth withdrew its notice to seek the death penalty for Appellant. (**See** Trial Court Opinion, 3/01/18, at 1). As agreed, the Commonwealth made no recommendation at sentencing. (**See** **id.** at 2 n.4). At sentencing, the court had the benefit of a presentence investigation report (PSI).[3] Appellant presented herself as remorseful. She had no prior criminal record, and therefore a prior record score of zero. She described herself as the victim of a manipulative Fellenbaum. She recounted that Fellenbaum restricted her to an hour of sleep a night and forced her to

---

[2] This claim is rather dubious and demonstrably inaccurate. Even though both Appellant and the prosecutor assert the same claim at different times, the proposition is belied by the record, which confirms numerous motions filed by Appellant's counsel on November 1, 2016. At the plea hearing, the trial court noted that Appellant's guilty plea was "an effective withdrawal" of the pending motions. (N.T. (Plea), 4/12/17, at 23). It is more accurate to note, as Appellant's counsel does on appeal, that the motions were not "litigated." (Appellant's Brief, at 11). Nevertheless, to imply that no motions were filed because they were not litigated is both inaccurate and misleading.

[3] The PSI is not included in the record before us.

run the household on a budget of five dollars a week. She related her own medical history of PTSD (Post Traumatic Stress Disorder), depression, and an attempted teenage suicide.

The sentencing court noted that with Appellant's recitation emphasizing her own loss, "You almost spoke as if someone took the child away from you." (N.T. Sentencing, 12/11/17, at 29). The court imposed an aggregate sentence of not less than forty-two years, nor more than ninety-four years of incarceration in a state correctional institution, followed by five years of probation. (*See* Trial Ct. Op., at 2). The court denied Appellant's motion for reconsideration of sentence. This timely appeal followed.[4]

Appellant presents two overlapping questions for our review:

> 1. Whether the trial court's sentence was excessive, given the Sentencing Guideline ranges and the Appellant's cooperation with the prosecution, and the significantly more brutal assaults perpetrated on the decedent by the closed fist punches to the head and abdomen of the victim, administered exclusively by co-defendant Gary Fellenbaum?
>
> 2. Did the sentencing court abuse its discretion by completely disregarding, and failing to adequately consider, Appellant's cooperation, instead being horrified by the crimes, themselves, to the exclusion of all else, including the character and attitudes of the Appellant, as well as her needs?

(Appellant's Brief, at 7).

---

[4] Appellant filed a court-ordered statement of errors, on February 1, 2018. The trial court filed an opinion on March 1, 2018. *See* Pa.R.A.P. 1925.

Because both of Appellant's claims challenge the discretionary aspects of her sentence, we address them together.

It is well-settled that a challenge to the discretionary aspects of a sentence is a petition for permission to appeal, as the right to pursue such a claim is not absolute. **See Commonwealth v. Treadway**, 104 A.3d 597, 599 (Pa. Super. 2014). Before this Court may review the merits of a challenge to the discretionary aspects of a sentence, we must engage in the following inquiry:

> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted).

We note that here Appellant has met the first three parts of the four-prong test. She filed a timely appeal. Appellant preserved the sentencing issue in a post-sentence motion. (**See** Appellant's Post-Sentence Motion for Reconsideration of Sentence, 12/21/17). In addition, she included a statement pursuant to Pa.R.A.P. 2119(f) in her brief. (**See** Appellant's Brief, at 11-12). Thus, we next assess whether Appellant has raised a substantial question with respect to the issue she presents.

Whether a particular issue constitutes a substantial question about the appropriateness of a sentence is a question to be evaluated on a case-by-case basis. *See Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001), *appeal denied*, 796 A.2d 979 (Pa. 2002).

As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. *See Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006). An appellant must articulate the reasons the sentencing court's actions violated the Sentencing Code. *See id.* "A substantial question will be found where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." *Commonwealth v. Ventura*, 975 A.2d 1128, 1133 (Pa. Super. 2009), *appeal denied*, 987 A.2d 161 (Pa. 2009) (citation omitted).

> Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." [*S*]*ee* [ ] Pa.R.A.P. 2119(f).

> \* \* \*

> [An Appellant's] claim that the trial court focused exclusively on the seriousness of the crime while ignoring other, mitigating circumstances, such as [ ] mental health history and difficult childhood, raises a substantial question.

*Commonwealth v. Knox*, 165 A.3d 925, 929–30 (Pa. Super. 2017), *appeal denied*, 173 A.3d 257 (Pa. 2017) (case citations omitted).

Here, Appellant claims that there was a substantial question whether her sentence was appropriate under the sentencing statute. (**See** Appellant's Brief, at 11). She notes that the sentence was at the top of the standard range of the Sentencing Guidelines. (**See id.**).

While the Rule 2119(f) statement is not a model of clarity or conciseness, it is apparent that Appellant claims her sentence was excessive in light of mitigating circumstances, including her cooperation with the Commonwealth, and her remorse. She also invokes her own difficult childhood, history of depression, PTSD, attempted suicide, and other personal troubles. **See Knox**, **supra** at 929–30.

Accordingly, we will give Appellant the benefit of the doubt, grant her petition for allowance of appeal, and address the merits of her claim. Nevertheless, on independent review, we conclude that Appellant's claim merits no relief.

Our standard of review is well-settled.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Mann**, 957 A.2d 746, 749 (Pa. Super. 2008) (citation omitted).

A sentencing judge has broad discretion in determining a reasonable penalty, and appellate courts afford the sentencing court great deference, as it is the sentencing court that is in the best position to **"view the defendant's character, displays of remorse, defiance, or indifference, and the overall effect and nature of the crime**." *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007) (emphasis added) (citation omitted).

When imposing sentence, the sentencing court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). This Court has stated, "a court is required to consider the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa. Super. 2002), *appeal denied*, 868 A.2d 1198 (Pa. 2005), *cert. denied*, 545 U.S. 1148 (2005) (citation omitted). In particular, the sentencing court should refer to the defendant's prior criminal record, her age, personal characteristics, and her potential for rehabilitation. *See id.*

"Where pre-sentence reports exist, we shall . . . presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself." *Commonwealth v. Antidormi*, 84 A.3d 736, 761 (Pa. Super. 2014), *appeal*

*denied*, 95 A.3d 275 (Pa.2014) *(*quoting **Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988)).

In this case, Appellant posits that the sentencing court did not give adequate consideration to her cooperation with the Commonwealth's prosecutions, or her other mitigation evidence. She notes that by pleading guilty she spared her surviving son the ordeal of testifying at a trial. However, we presume that a sentencing court properly considered mitigation evidence when it is informed, as the court was here, by a PSI. **See Antidormi**, **supra** at 761.

Moreover, Appellant fails to develop an argument supported by pertinent authority which substantiates her repeated claims that the sentencing court failed to credit, or give more than "lip service," to her cooperation and other mitigation evidence. (Appellant's Brief, at 13).

Over-arching the sentencing court's presumed reliance on the PSI, we note that the sentencing court explained its reasoning as follows:

> So the record is clear, I've gone outside the guidelines on some of the sentences. I've done so because I can't imagine a factual scenario that's more horrific than this. I can't imagine an abdication of parental responsibility and the conspiracy with another human being to do this to your children.
>
> It tugged at the fabric of our entire society.

(N. T. Sentencing, 12/11/17, at 34).

We agree. We discern no proper basis on which to disturb the discretion of the sentencing court.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/19/18</u>