J-S24003-17

2017 PA Super 173

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DEVON KNOX | |
| Appellant | No. 1937 WDA 2015 |

Appeal from the Judgment of Sentence September 30, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0010088-2007

BEFORE:   PANELLA, J., STABILE, J., and STEVENS, P.J.E.[*]

OPINION BY PANELLA, J.                              **FILED JUNE 5, 2017**

In 2007, Appellant, Devon Knox, then 17 years old, and his twin brother, Jovon, attempted to carjack Jehru Donaldson. Donaldson drove away from the attempt, but one of the brothers fatally shot Donaldson before the two fled the scene. A jury ultimately convicted Devon of second-degree murder, and he was sentenced to life imprisonment without possibility of parole. In 2012, this Court vacated the sentence pursuant to **Miller v. Alabama**, 132 S.Ct. 2455 (2012), which held that sentencing a juvenile to life without parole constituted cruel and unusual punishment and was therefore unconstitutional. The trial court subsequently sentenced Devon to a term of imprisonment of 35 years to life.

_____

[*] Former Justice specially assigned to the Superior Court.

In this appeal from his judgment of sentence, Devon argues that prior appellate counsel was ineffective for failing to challenge the sufficiency of the evidence to support his conviction for second-degree murder. He also contends that the trial court's sentence was an abuse of its discretionary powers. We conclude that Devon has failed to establish that his claim of ineffectiveness of prior appellate counsel is entitled to unitary review on direct appeal. Furthermore, we cannot conclude that the trial court abused its discretion in imposing sentence. We therefore affirm.

In his first issue on appeal, Devon asserts that the evidence at trial was insufficient to sustain his verdict for second-degree murder. While we conclude that we cannot reach this issue on direct appeal, a brief review of the standards involved in addressing this issue and the evidence presented by the Commonwealth at trial are necessary to understand Devon's claim.

Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. *See* ***Commonwealth v. Dale***, 836 A.2d 150, 152 (Pa. Super. 2003). "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial

evidence." ***Commonwealth v. Bruce***, 916 A.2d 657, 661 (Pa. Super. 2007) (citation omitted).

"[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." ***Id***. (citation omitted). Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. ***See id***. "As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record." ***Commonwealth v. Kinney***, 863 A.2d 581, 584 (Pa. Super. 2004) (citation omitted). Therefore, we will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." ***Bruce***, 916 A.2d at 661 (citation omitted).

At trial, the Commonwealth presented testimony from two eyewitnesses to the attempted carjacking. Two juvenile witnesses identified the twin brothers as the carjackers. The witnesses' testimony on which brother fired the fatal shots, however, was inconsistent. The younger witness first testified that Jovon was the shooter. ***See*** N.T., Jury Trial, 6/3-4/08, at 154-156. This identification was based off his perception that Jovon had a lighter complexion than his brother. ***See id***. However, he conceded that he had previously identified Devon as the shooter, and that "it [was] real hard to tell the difference between" the twins. ***Id***., at 180-181.

The older eyewitness was unable to differentiate between the twins at trial. ***See id***., at 298-299. This witness also believed that the lighter-skinned

twin was the shooter. *See id*., at 300. However, he identified Devon as the lighter-skinned twin. *See id*.

During closing arguments, the prosecutor noted that the eyewitnesses had presented conflicting testimony as to which one of the twins was the shooter. *See id*., at 427-428. He argued, however, that the issue was only relevant to the charge of first-degree murder. *See id*., at 428. He told the jury that the identity of the shooter was irrelevant to the charge of second-degree murder, so long as the jury believed that both brothers were engaged in the act of robbing Donaldson. *See id*., at 436.

On appeal, Devon concedes that, if the jury had convicted him of being the shooter, the evidence at trial was sufficient to sustain his conviction. He contends, however, that the evidence was insufficient to establish his conviction for second-degree murder according to the following chain of logic. Devon contends that, given the lack of a specific jury finding on the issue of the identity of the shooter, we cannot assume that he was the shooter. If he was not the shooter, Devon argues that he could only be convicted of second-degree murder if the jury found that Jovon's action in bringing the gun and shooting Donaldson were natural and foreseeable consequences of the twins' plan to carjack Donaldson. He believes that they were not.

However, Devon acknowledges that this issue has been waived for purposes of this direct appeal from re-sentencing. *See*, *e.g.*,

*Commonwealth v. Anderson*, 801 A.2d 1264, 1266 (Pa. Super. 2002). He thus argues that his original appellate counsel, who secured the vacation of his original sentence on direct appeal, was ineffective for failing to raise this issue in the prior appeal. Devon further acknowledges that the issue of appellate counsel's ineffectiveness raises new issues regarding our ability to entertain the issue on direct appeal.

Generally, claims of ineffectiveness of counsel are not ripe until collateral review. *See Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013). However, in extraordinary cases where the trial court determines that the claim of ineffectiveness is "both meritorious and apparent from the record," it may exercise its discretion to consider the claim in a post-sentence motion. *Id*., at 577.

In *Holmes*, the Supreme Court of Pennsylvania explicitly identified ineffectiveness claims as "presumptively reserved for collateral attack[.]" *Id*., at 577 n.10. The Court warned against trial courts appointing "new counsel post-verdict to search for ineffectiveness claims." *Id*. Thus, while the trial court retains discretion in addressing such claims, the presumption weighs heavily in favor of deferring such claims to collateral review.

Further, the Court justified the creation of the "meritorious and apparent from the record" exception by explaining that "[t]he administration of criminal justice is better served by allowing trial judges to retain *the discretion* to consider and vindicate such distinct claims of ineffectiveness[.]"

*Id*., at 577 (emphasis added). Most importantly, the Court required an express waiver of the right to file a first, timely PCRA petition. *See id*., at 579.

Here, Devon argues that his claim is both meritorious and apparent from the record. However, he has failed to expressly forgo his right to file a timely, first PCRA petition. He raised this issue for the first time in his Pa.R.A.P. 1925(b) statement. And the trial court declined to review the issue on its merits, noting that this claim should await resolution on collateral review. *See* Trial Court Opinion, 7/14/16, at 8. We cannot conclude that this reasoning was an abuse of the trial court's discretion. This claim of prior counsel's ineffectiveness is not ripe in this direct appeal. Devon's first argument on appeal merits no relief.

In his second issue, Devon argues that the trial court imposed a "manifestly excessive" minimum sentence of 35 years. He concedes that this claim implicates the discretionary aspects of his sentence. *See* Appellant's Brief, at 12. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." ***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902

and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

Here, Devon preserved his issue through a timely motion for reconsideration of the sentence imposed after remand,[1] and filed a timely appeal. He has included the required Rule 2119(f) statement. We therefore review his Rule 2119(f) statement to determine if he has raised a substantial question.

We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. ***See Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005). "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." ***Id***. (citation omitted); ***see also*** Pa.R.A.P. 2119(f).

_____

[1] The Commonwealth contends that Devon did not preserve his challenge based upon the alleged excessiveness of the sentence in his post-sentence motion. However, the Commonwealth concedes that Devon has preserved his argument that the trial court imposed the sentence without considering any factor other than the seriousness of the crime. After reviewing the Rule 2119(f) statement, we conclude that Devon is raising only the single issue that we address below and that he has properly preserved it under the specific circumstances of this case.

- 7 -

Devon "must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." *McAfee*, 849 A.2d at 274 (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Tirado*, 870 A.2d at 365. Devon's claim that the trial court focused exclusively on the seriousness of the crime while ignoring other, mitigating circumstances, such as his mental health history and difficult childhood, raises a substantial question. *See Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*), *appeal denied*, 126 A.3d 1282 (Pa. 2015).

As a prefatory matter, we must address Devon's assertion that there were no relevant guidelines in place at the time of re-sentencing. Once again, this issue requires some context. When this Court vacated and remanded his initial sentence of life without parole, there were no sentencing guidelines in place for his conviction of second-degree murder; life without parole was mandated under the then-existing scheme. The legislative and sentencing commission's responses to *Miller* were both effective only for convictions that occurred after June 24, 2012; Devon was convicted in June 2008.

Therefore, the sentencing guidelines provide no guidance regarding the appropriate minimum sentence or the factors that were to be considered

at re-sentencing. Nor was there any direct statutory guidance. The trial court's discretion was thus to be exercised in accordance with **Commonwealth v. Batts**, 66 A.3d 286 (Pa. 2013). In **Batts**, the Pennsylvania Supreme Court held that a trial court,

> [a]t a minimum … should consider a juvenile's age at the time of the offense, his diminished culpability and capacity for change, the circumstances of the crime, the extent of his participation in the crime, his family, home and neighborhood environment, his emotional maturity and development, the extent that familial and/or peer pressure may have affected him, his past exposure to violence, his drug and alcohol history, his ability to deal with the police, his capacity to assist his attorney, his mental health history, and his potential for rehabilitation.

**Id**., at 297.

At re-sentencing, the trial court was provided with a pre-sentence investigation report ("PSI"). Furthermore, Devon conceded that he had an extensive juvenile delinquency history, including incidents where he had possessed firearms. **See** N.T., Sentencing Hearing, 9/30/2015, at 2. He did not respond well to supervision in the juvenile system. **See id**. Devon admitted that he had not had an exemplary record while imprisoned on this conviction, but argued that his record improved as he had matured. **See id**., at 4. In response, the Commonwealth presented the testimony of the victim's father, Jay Donaldson, who testified to the severe impact of the crime.

Where the sentencing court had the benefit of reviewing a PSI, we must

- 9 -

presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Commonwealth v. Hallock*, 603 A.2d 612, 616 (Pa. Super. 1992) (citation omitted).

In addition to the PSI, the trial court had the benefit of testimony from Devon, as well as the victim's father. Devon does not point to any deficiency in the content of the PSI. While it is clear that Devon had mental health issues and suffered an extremely difficult childhood, there is no indication that the trial court completely disregarded these circumstances when imposing sentence. We therefore conclude that the trial court considered the age-appropriate factors when re-sentencing Devon, and therefore did not abuse its discretion. Under all the circumstances, the sentence imposed was not unreasonable, and Devon's second and final issue on appeal merits no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/5/2017