J-A22031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| AHMED NABIL DARWISH, | |
| Appellee | No. 3647 EDA 2016 |

Appeal from the Judgment of Sentence September 1, 2016
in the Court of Common Pleas of Monroe County
Criminal Division at No.: CP-45-CR-0002402-2015

BEFORE: BOWES, J., LAZARUS, J., and PLATT, J.*

MEMORANDUM BY PLATT, J.:                    **FILED OCTOBER 31, 2017**

The Commonwealth of Pennsylvania appeals from the judgment of sentence imposed on Appellee, Ahmed Nabil Darwish, following his entry of a guilty plea to one count of retail theft.[1]  We affirm.

We take the following relevant facts and procedural history from our independent review of the certified record.  On January 20, 2016, Appellee entered an open guilty plea to retail theft, a charge that arose from his taking of two containers of creatine supplements from a retail store in Mount Pocono, Pennsylvania in July 2015.  The trial court deferred sentencing pending preparation of a pre-sentence investigation report (PSI).  Upon petition by

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3929(a)(1).

Appellee, and with the express concurrence of the Commonwealth, the court modified his bail "to $10,000.00 unsecured with the additional condition that [Appellee] be released directly to the Salvation Army Adult Rehabilitation Facility located in Harrisburg, Pennsylvania [(SAR program)] effective January 21, 2016." (Order Accepting Guilty Plea, 1/22/16; *see also* Commonwealth's Concurrence, 1/19/16). Appellee entered the six-month, in-patient drug rehabilitation program on the day after he entered the plea, but was discharged unsuccessfully on May 2, 2016, after a curfew violation and positive urine screen. (*See* PSI, 2/09/16, at 2, 4c, 5). He absconded, failed to appear at sentencing, and was later arrested on new charges.

On September 1, 2016, the trial court sentenced Appellee in the aggravated range to a term of not less than nine nor more than twenty-four months' incarceration, with credit for 108 days' time served.[2] On September 12, 2016, Appellee filed a motion for reconsideration of sentence. On September 20, 2016, following a hearing, the court entered an order denying Appellee's motion for reconsideration, but taking under advisement his request for additional credit for his time in the SAR program. On October 28, 2016, the court entered an order amending Appellee's sentence to reflect a time credit of 207 days, based on its determination that he should receive

---

[2] The court ran the sentence consecutive to another sentence on a separate retail theft conviction, for an aggregate term of not less than eighteen nor more than forty-eight months' incarceration.

credit for time spent in the SAR program. (**See** Order, 10/28/16). This timely appeal followed.[3]

The Commonwealth raises one issue for our review:

> Whether the [trial] court abused its discretion in granting [Appellee] time credit for unproven time spent in an in-patient rehabilitation facility after he entered the program voluntarily, absconded from treatment prior to completion, willfully failed to appear for sentencing, and used illegal drugs and committed additional violent crimes while wanted in spite of the agreement that he would only receive credit for successful completion?

(Commonwealth's Brief, at 5).

Initially, we note that the Commonwealth challenges the discretionary aspects of Appellee's sentence. **See Commonwealth v. Shull**, 148 A.3d 820, 847 n.14 (Pa. Super. 2016). Because the Commonwealth has timely appealed, preserved its issue in the trial court, included a Rule 2119(f) statement in its brief, and raised substantial question, we will review its claim on the merits, employing an abuse of discretion standard of review. **See id.**; **see also** Pa.R.A.P. 2119(f); **Commonwealth v. Knox**, 165 A.3d 925, 929 (Pa. Super. 2017) (setting forth prerequisites for merits review of discretionary aspects of sentence claim).

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion

---

[3] The Commonwealth filed a timely, court-ordered concise statement of errors complained of on appeal on November 29, 2016. The trial court entered an opinion on January 10, 2017. **See** Pa.R.A.P. 1925.

is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Toland*, 995 A.2d 1242, 1248 (Pa. Super. 2010), *appeal denied*, 29 A.3d 797 (Pa. 2011) (citations omitted).

In the instant case, the Commonwealth argues that the trial court abused its discretion in granting Appellee credit for the time he voluntarily spent in the SAR program. (*See* Commonwealth's Brief, at 11-18). It maintains that the award of credit was improper where: Appellee failed to complete the program and absconded; the amount of time he spent at the facility was unsubstantiated; and it violated the parties' plea agreement. (*See id.* at 16-18). We disagree.

"The Sentencing Code provides that a defendant shall receive credit for all time spent in custody prior to trial[.]" *Toland*, *supra* at 1248. In relevant part, section 9760 provides:

**§ 9760. Credit for time served**

After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S.A. § 9760(1).

> The principle underlying [Section 9760] is that a defendant should be given credit for time spent in custody prior to sentencing for a particular offense.

> > The easiest application of [42 Pa.C.S.A. § 9760(1)] is when an individual is held in prison pending trial, or pending appeal, and faces a sentence of incarceration: in such a case, credit clearly would be awarded. However, the statute provides little explicit guidance in resolving the issue before us now, where [the defendant] spent time [somewhere other] than in prison. This difficulty results in part from the fact that neither Section 9760, nor any other provision of the Sentencing Code, defines the phrase "time spent in custody." The difficulty is also a function of the fact that there are many forms of sentence, and many forms of pre-sentencing release, which involve restrictions far short of incarceration in a prison.

> Courts have interpreted the word 'custody,' as used in Section 9760, to mean time spent in an institutional setting such as, at a minimum, an inpatient alcohol treatment facility.

**Shull**, **supra** at 847 (citations and some quotation marks omitted).

In **Toland**, **supra**, this Court examined how our case law distinguishes whether credit for time served should be granted or denied for stays in inpatient treatment facilities. The Court stated:

> . . . [W]hether a defendant is entitled to credit for time spent in an inpatient drug or alcohol rehabilitation facility turns on the question of voluntariness. **If a defendant is ordered into inpatient treatment by the court, *e.g.,* as an express condition of pre-trial bail, then he is entitled to credit for that time against his sentence.** By contrast, if a defendant chooses to voluntarily commit himself to inpatient rehabilitation, then whether to approve credit for such commitment is a matter within the sound discretion of the court.

**Toland**, **supra** at 1250–51 (citations omitted; emphasis added); **see also**

**Commonwealth v. Cozzone**, 593 A.2d 860, 867-68 (Pa. Super. 1991)

- 5 -

(concluding that defendant who entered rehabilitation facility as condition of bail in order to avoid pre-trial imprisonment did not voluntarily admit himself and was entitled to time credit).

*Toland* involved a third-time DUI offender facing a one-year mandatory sentence who requested 354 days' credit for pretrial detention served at two costly inpatient rehabilitation facilities. *See Toland*, *supra* at 1243, 1247-48, 1252-53. Despite language in the magisterial district judge's bail information directing the defendant to enter an inpatient treatment program, the trial court nonetheless determined that he voluntarily entered, where he did not enter treatment until one full month after his release on bail, and he specifically explained that he checked in "voluntarily" to "save [his] life." *Id.* at 1251; *see id.* at 1247. The trial court denied credit for time served, and this Court affirmed, stating:

> . . . [W]e cannot ignore the trial court's cogent argument that allowing appellant credit in this case would invite defendants who can afford extended stays in inpatient rehabilitation facilities to "game the system." Most defendants cannot afford to pay in excess of $100,000 and continue their cases indefinitely while they "rehab" at addiction facilities in Oregon and Arizona. The trial court states that "If this Court were to allow credit for time spent in rehab in this case, the Court could not look similarly situated defendants in the eye." We also observe that it is a common thread throughout the trial court's opinion that appellant was purposely trying to avoid a mandatory sentence of incarceration by taking advantage of a perceived "loophole" in the law, *i.e.*, by delaying his case and remaining in inpatient treatment until the mandatory minimum 12-month sentence had nearly expired. Such conduct should not be countenanced.

Certainly the trial court is in a better position to observe appellant's demeanor and decide whether his efforts were sincere and not simply a ploy to avoid the mandatory sentencing penalties for repeat DUI offenders. . . .

*Id.* at 1253 (record citations omitted).

Here, in contrast to **Toland**, there is no indication in the record that Appellee admitted himself into an exclusive, costly rehabilitation facility to take advantage of a loophole in the law, or that there was any delay between his release on bail and entry into the facility. Both parties and the trial court were aware of Appellee's need for treatment for his long-term struggle with drug addiction, and the record indicates that the SAR program was modest and community based, designed to "meet the basics of a person's needs[,]" not a type of "scenic [] getaway" described in **Toland**. **Toland**, **supra** at 1252; (Petition to Modify Bail, 1/19/16, at Exhibit A, SAR Intake Letter); (**See also** N.T. Guilty Plea, 1/20/16, at 10-11, 13; PSI at 4c, 6).

Further, the trial judge, who was in the best position to assess the circumstances, specifically found that Appellee did not voluntarily enter the SAR program. (**See** Trial Court Opinion, 1/10/17, at unnumbered pages 3-4). Instead, Appellee entered the program as an express condition of his bail pending sentencing. (**See** Order Accepting Guilty Plea, 1/22/16). Thus, we conclude that Appellee was ordered into inpatient treatment by the trial court, and is entitled to credit for that time against his sentence. **See Toland**, **supra** at 1250–51; **Cozzone**, **supra** at 867-68.

Furthermore, even if we deemed Appellee's commitment to the SAR program voluntary, we discern no abuse of discretion in the trial court's

approval of time credit. *See **Toland***, ***supra*** at 1251. Although Appellee failed to complete the treatment program and absconded, it is clear from the record that the court fully considered these factors in sentencing him to an aggravated-range sentence, which it ran consecutively to a second retail theft conviction, for a lengthy aggregate sentence. (***See*** N.T. Sentencing, 9/01/16, at 13-15).

With respect to the Commonwealth's assertion that the court speculated regarding the amount of time Appellee actually spent in the SAR program, we find this claim disingenuous, where the record plainly reflects that he participated in the program from January 21, 2016 until May 2, 2016. (***See*** Order Accepting Guilty Plea, 1/22/16; N.T. Guilty Plea, at 14; PSI at 2, 4c, 5; ***see also*** Commonwealth's Brief, at 16-17).

Finally, we acknowledge the Commonwealth's argument that its consent to Appellee's participation in the SAR program was premised on the court's award of time credit for successful completion only, and that the "court's refusal to honor this agreement deprives the Commonwealth of the benefit of the bargain in its plea agreement." (Commonwealth's Brief, at 18). However, our review of the guilty plea proceedings demonstrates that the issue of time credit **was not raised** at that time. (***See*** N.T. Guilty Plea, at 9-14; ***see also*** Order Accepting Guilty Plea, 1/22/16; Commonwealth's Concurrence, 1/19/16; Guilty Plea and Colloquy, 1/22/16). Therefore, the record belies the Commonwealth's claim.

In sum, we conclude that the record supports the trial court's decision to credit Appellee for the time he spent in the SAR program, and we discern no abuse of discretion in its disposition of this issue. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judge Bowes joins the Memorandum.

Judge Lazarus files a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/31/2017