J-S68007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                               :              PENNSYLVANIA
                                                 :

             v.                                  :
                                                 :
                                                 :

RICHARD KEMPER                      :
                                                 :

             Appellant              :     No. 1608 WDA 2017

Appeal from the Judgment of Sentence September 21, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0008374-2001

BEFORE:   SHOGAN, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY SHOGAN, J.:             **FILED JANUARY 11, 2019**

Appellant, Richard Kemper, appeals from the judgment of sentence entered on September 21, 2017, in the Allegheny County Court of Common Pleas.  We affirm.

The trial court summarized the relevant facts and procedural history of this matter as follows:

> [B]etween May 29 and May 30, 2001, [Appellant] shot his uncle twice in the head and killed him. [Appellant] was 16 years old. He was charged as an adult with Criminal Homicide[1]. On July 15, 2003, a jury found him guilty of First Degree Murder. [Appellant] was sentenced to [a mandatory prison term of life without the possibility of parole].
>
>      [1] 18 Pa.C.S. § 2501.
>
> In *Miller v. Alabama*, 132 S. Ct. 2455, 2460 (2012), the United States Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's probation against 'cruel and unusual' punishments." In *Montgomery v. Louisiana*, 136 S.Ct 718

_____
*   Former Justice specially assigned to the Superior Court.

(2016), the Court ruled that its prior decision in *Miller* had full retroactive effect. At *Commonwealth v. Kemper*, 51 WDA 2015 (Pa.Super. 2016), [Appellant's] case was remanded for resentencing.

On September 21, 2017, [Appellant] was resentenced to [37] years to Life with credit for time served. This appeal follows.

Trial Court Opinion, 2/7/18, at 1. Both the trial court and Appellant have complied with Pa.R.A.P. 1925.

On appeal, Appellant challenges the sentence of thirty-seven years to life imprisonment as excessive and alleges that the trial court failed to consider mitigating factors when imposing sentence. Appellant's Brief at 4, 12. This issue presents a challenge to the discretionary aspects of Appellant's sentence. Such challenges do not entitle an appellant to review as of right; rather, a challenge in this regard is properly viewed as a petition for allowance of appeal. 42 Pa.C.S. § 9781(b); ***Commonwealth v. Tuladziecki***, 522 A.2d 17 (Pa. 1987); ***Commonwealth v. Sierra***, 752 A.2d 910 (Pa. Super. 2000).

An appellant challenging the discretionary aspects of his sentence must satisfy a four-part test: (1) whether the appellant filed a timely notice of appeal; (2) whether the appellant preserved the issue at sentencing or in a motion to reconsider and modify sentence; (3) whether the appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the Sentencing Code. ***Commonwealth v. Carrillo-Diaz***, 64 A.3d 722, 725 (Pa. Super. 2013).

Moreover, the appellant must articulate the reasons that the sentencing court's actions violated the sentencing code. ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010); ***Sierra***, 752 A.2d at 912-913.

Herein, Appellant filed a timely appeal, the issue was preserved in Appellant's post-sentence motion, and Appellant's brief contains a Pa.R.A.P. 2119(f) statement. Appellant's Brief at 12. However, the Commonwealth has objected to Appellant's Pa.R.A.P. 2119(f) statement. Commonwealth's Brief at 11. The Commonwealth points out that Appellant's Pa.R.A.P. 2119(f) statement is a boilerplate averment that the trial court failed to consider mitigating factors. ***Id.*** (citing Appellant's Pa.R.A.P. 2119(f) statement, Appellant's Brief at 12). The Commonwealth argues that although Appellant alleged that the trial court imposed an unreasonable and manifestly excessive sentence in his post-sentence motion, in his Pa.R.A.P. 1925(b) statement, and in the argument portion of his brief, the Pa.R.A.P. 2119(f) statement focuses on the mitigating factors only. Commonwealth's Brief at 11.

Although we note the Commonwealth's objection to Appellant's procedural failure, we do not find Appellant's Pa.R.A.P. 2119(f) statement, when read in conjunction with the rest of his brief, so deficient that we must deem the issue waived. We admonish Appellant's counsel for the inconsistent and incomplete Pa.R.A.P. 2119(f) statement. However, after review of Appellant's post-sentence motion, his Pa.R.A.P. 1925(b) statement, his Pa.R.A.P. 2119(f) statement, and the argument section of the brief, we are

satisfied that Appellant has preserved, albeit marginally, a challenge to the trial court's failure to consider mitigating factors that resulted in the imposition of a manifestly excessive sentence. Accordingly, we next determine whether Appellant has raised a substantial question. *Moury*, 992 A.2d at 170.

The determination of whether there is a substantial question is made on a case-by-case basis, and this Court will allow the appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code, or (2) contrary to the fundamental norms which underlie the sentencing process. *Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa. Super. 2015). "[W]e cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Provenzano*, 50 A.3d 148, 154 (Pa. Super. 2012) (citation omitted). "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." *Commonwealth v. Knox*, 165 A.3d 925, 929 (Pa. Super. 2017) (quoting *Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005)).

We conclude that Appellant's challenge to the imposition of his sentence as excessive, together with his claim that the trial court failed to consider mitigating factors, presents a substantial question. *See Commonwealth v. Johnson*, 125 A.3d 822 (Pa. Super. 2015) (excessive sentence claim, in

conjunction with assertion that sentencing court failed to consider mitigating factors, raises a substantial question).  Thus, we grant Appellant's petition for allowance of appeal and address the merits of his claim.  ***Caldwell***, 117 A.3d at 770.

Appellant asserts that the trial court imposed a standard-range sentence of thirty-seven years to life.  Appellant's Brief at 14.  We note that Appellant correctly cites the applicable statute, which states: "A person who at the time of the commission of the offense was 15 years of age or older shall be sentenced to a term of life imprisonment without parole, or a term of imprisonment, the minimum of which shall be at least 35 years to life."  18 Pa.C.S. § 1102.1(a)(1).  Pursuant to the Pennsylvania Sentencing Guidelines, Appellant's crime of first-degree murder, committed while he was between the ages of fifteen and eighteen, has an offense gravity score ("OGS") of fifteen. 204 Pa.Code. 303.15.  With an OGS of fifteen, if Appellant's prior record score ("PRS") was zero, the Sentencing Guidelines provide a standard range of thirty-five years to life as a minimum sentence, plus or minus five years for aggravating or mitigating factors.  204 Pa. Code 303.16; 18 Pa.C.S. § 1102.1.

However, we point out that Appellant's PRS was three, not zero, when he was initially sentenced.  Sentencing Form, 7/15/03.  Because the record reflects that Appellant had a PRS of three, the standard-range minimum sentence was forty-six years to life, plus or minus five years for aggravating or mitigating factors.  204 Pa. Code § 303.16.  This point was raised by the

Commonwealth at sentencing. N.T., Sentencing, 9/18-21/17, at 172. Therefore, Appellant was sentenced below even the mitigated range based on his PRS of three, and the trial court imposed a lenient sentence under the circumstances.

Moreover, even if Appellant had received a standard-range sentence, the record reveals that the trial court considered a vast amount of information before imposing sentence. The trial court stated that it considered the Coroner's hearing, the police reports, the original case file, the psychologist's report, the sentencing memoranda, and the pre-sentence investigation ("PSI") report. N.T., Sentencing, 9/18-21/17, at 176. It is well settled that when the trial court has the benefit of a PSI, this Court presumes that the sentencing court was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating factors. *Moury*, 992 A.2d at 171 (citation omitted). Furthermore, when the sentence is within the standard range of the Guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code. *Id.* (citation omitted).

After review, we conclude that the trial court weighed all relevant and mitigating factors when it imposed Appellant's sentence. Accordingly, we discern no abuse of discretion in the sentence the trial court imposed, and we conclude that Appellant's claims to the contrary are meritless.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/2019