J-S23036-21

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LOVEPREET MUNDI, | : | |
| | : | |
| Appellant | : | No. 402 EDA 2021 |

Appeal from the Judgment of Sentence Entered February 3, 2021
in the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0001022-2020
CP-48-CR-0001023-2020
CP-48-CR-0001785-2020
CP-48-CR-0002642-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LOVEPREET MUNDI, | : | |
| | : | |
| Appellant | : | No. 438 EDA 2021 |

Appeal from the Judgment of Sentence Entered February 3, 2021
in the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0001022-2020
CP-48-CR-0001023-2020
CP-48-CR-0001785-2020
CP-48-CR-0002642-2019

J-S23036-21

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LOVEPREET MUNDI, | : | |
| | : | |
| Appellant | : | No. 439 EDA 2021 |

Appeal from the Judgment of Sentence Entered February 3, 2021
in the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0001022-2020
CP-48-CR-0001023-2020
CP-48-CR-0001785-2020
CP-48-CR-0002642-2019


| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LOVEPREET MUNDI, | : | |
| | : | |
| Appellant | : | No. 462 EDA 2021 |

Appeal from the Judgment of Sentence Entered February 3, 2021
in the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0001022-2020
CP-48-CR-0001023-2020
CP-48-CR-0001785-2020
CP-48-CR-0002642-2019

BEFORE:   LAZARUS, J., KUNSELMAN, J. and COLINS, J.*

MEMORANDUM BY COLINS, J.:                **FILED OCTOBER 8, 2021**

Appellant, Lovepreet Mundi, appeals from the aggregate judgment of

sentence of three years and three months to nine years of incarceration, which

*Retired Senior Judge assigned to the Superior Court.

- 2 -

was imposed after he pleaded guilty at four dockets to one count of carrying a firearm without a license and three counts each of forgery and identity theft.[1] We affirm.

We provide the following background. At Docket 2642-2019, City of Bethlehem police responded to a domestic dispute on June 10, 2019, and recovered a loaded firearm that had been concealed in Appellant's waistband. Appellant did not have a permit to carry a concealed firearm. N.T., 11/25/20, at 16. As a result, he was charged with one count of carrying a firearm without a license, which he pleaded guilty to on November 25, 2020.

At Docket 1022-2020, Appellant was charged with 39 counts of forgery (unauthorized act in writing), 25 counts of forgery (utters forged writing), one count of access device fraud, 27 counts of identity theft, 39 counts of criminal conspiracy to commit forgery, and 27 counts of criminal conspiracy to commit identity theft, for transferring fraudulent checks and using credit card information without authorization from multiple victims over the course of approximately one year. N.T., 11/25/20, at 17. On November 25, 2020, Appellant pleaded guilty to two counts each of forgery (unauthorized act in writing) and identity theft.

In a related case, Docket 1023-2020, Appellant was charged with one count of forgery (unauthorized act in writing), four counts of receiving stolen property, four counts of theft by deception, three counts of access device

_____

[1] 18 Pa.C.S. §§ 6106(a)(1), 4101(a)(2), and 4120(a), respectively.

fraud, and three counts of identity theft. On November 25, 2020, he pleaded guilty to one count of forgery (unauthorized act in writing).

Finally, at 1785-2020, on May 10, 2020, Appellant was charged with one count each of criminal trespass, identity theft, criminal trespass, disorderly conduct, false identification to a police officer, criminal mischief, and simple trespass. On November 25, 2020, he pleaded guilty to one count of identity theft for presenting a fake driver's license to police.

Sentencing at all four dockets was deferred until February 3, 2021, for the preparation of a pre-sentence investigation (PSI) report, as well as additional evaluations. At Docket 2642-2019, the trial court sentenced Appellant to a term of incarceration of 24 to 48 months. At Dockets 1022-2020 and 1023-2020, the trial court sentenced Appellant to terms of incarceration of three to twelve months at each count, which were set to run consecutively to each other and consecutively to the period of incarceration imposed at Docket 2642-2019. Finally, at Docket 1785-2020, the trial court sentenced Appellant to a concurrent term of probation of 12 months.

Appellant, who was represented by counsel, filed *pro se* notices of appeal on February 8, 2021.[2] On February 12, 2021, counsel filed a post-

---

[2] Appellant is not entitled to hybrid representation. ***Commonwealth v. Jette***, 23 A.3d 1032, 1036 (Pa. 2011). "However, when a counseled defendant files a *pro se* notice of appeal, the appeal is not a legal nullity and has legal effect." ***Commonwealth v. Hopkins***, 228 A.3d 577, 580–81 (Pa. Super. 2020) (citation omitted). As such, Appellant's *pro se* notices of appeal were timely and had legal effect. On May 28, 2021, this Court granted Appellant's application for consolidation of the four appeals.

sentence motion, as well as a motion to withdraw as counsel based on Appellant's *pro se* notice of appeal. On February 16, 2021, the trial court (1) denied the post-sentence motion;[3] (2) denied counsel's motion to withdraw;[4] and (3) ordered Appellant's counsel to file a concise statement pursuant to Pa.R.A.P. 1925(b). Counsel complied and the trial court filed its Rule 1925(a) opinion on March 8, 2021.

Appellant presents the following issues for our review:

1. Whether the sentence imposed by the court was unreasonable in that the sentences for all crimes were imposed without giving proper weight to mitigating evidence/factors appearing in the [PSI] report?

2. Whether the sentencing court failed to place adequate consideration on Appellant's mental health issues as a mitigating factor which was raised in the psychological evaluation of Ronald Shelton, LCSW dated October 27, 2020 and attached to Appellant's motion for reconsideration and modification of sentence as Exhibit B?

3. Whether the sentencing order of February 3, 2021 requiring that Appellant's sentence be consecutive to all other sentences is unlawful in that the sentencing sheet filed to Docket No. 1785-2020 at the court's direction sentenced your Appellant to 12 months state probation concurrent to all other sentences

_____

[3] We note the trial court erred in relying on Pa.R.A.P. 1701(b)(3) for the court's authority to rule on the counseled post-sentence motion because that rule only applies if the post-sentence motion is granted. ***See Commonwealth v. Cooper***, 27 A.3d 994, 1005 (Pa. 2011). Rather, the court had jurisdiction to rule on the motion because Appellant's *pro se* notices of appeal, which were filed while represented by counsel, were merely premature and were "perfected upon the trial court's proper consideration and denial of the counseled post-sentence motion[]." ***Id.*** at 1007 (footnote omitted); ***see also*** Pa.R.A.P. 905(a)(5). Accordingly, the trial court had authority to rule on the motion, and these appeals are properly before us.

[4] Counsel continues to represent Appellant on appeal.

and the notes of testimony from the sentencing of February 3, 2021 indicate on page 21, line 10 that the sentence at 1785-2020 was to run concurrent?

Appellant's Brief at 5 (unnecessary capitalization, brackets, and suggested answers omitted; renumbered for ease of disposition).[5]

Appellant's first two issues challenge the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. Prior to reaching the merits of a discretionary sentencing issue[, w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Manivannan*, 186 A.3d 472, 489 (Pa. Super. 2018) (quotation marks and some citations omitted). In the current case, Appellant filed a timely notice of appeal, preserved his issues in a post-sentence motion, and included a statement in his brief pursuant to Pa.R.A.P. 2119(f) (Rule 2119(f) Statement). Appellant's Brief at 6–8. The final requirement, whether the question raised by Appellant is a substantial question meriting our discretionary review, "must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable

---

[5] Appellant raised a time-credit issue in his concise statement. However, in his statement of questions, he now concedes that issue is waived and presents no argument on it within his brief. Thus, we do not address it.

argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Manivannan**, 186 A.3d at 489 (quotation marks and some citations omitted). "As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. An appellant must articulate the reasons the sentencing court's actions violated the sentencing code." **Commonwealth v. Bebout**, 186 A.3d 462, 470–71 (Pa. Super. 2018) (citations omitted).

In his Rule 2119(f) Statement, Appellant argues that his sentence is excessive because his maximum sentence of nine years' imprisonment "is substantially greater than the minimum" of three years' imprisonment, and the trial court "did not consider mitigating factors in any substantial way including … Appellant's acceptance of responsibilities for his actions, his age of 20, his zero prior record, and the fact that the within crimes are property crimes and not related to violence." Appellant's Brief at 7 (unnecessary capitalization omitted). "[A] substantial question exists when the defendant asserts both a claim of excessiveness and the trial court's failure to take mitigating circumstances into account." **Commonwealth v. Gonzalez,** 109 A.3d 711, 731 n.38 (Pa. Super. 2015). Accordingly, Appellant has raised a substantial question.

Having found Appellant's sentencing challenges merit our discretionary review, we turn to our standard of review:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Lekka,* 210 A.3d 343, 350 (Pa. Super. 2019) (citation omitted).

The record reflects that the trial court was aware of the facts of the case, was in possession of and had reviewed Appellant's PSI report, drug and alcohol evaluation, and the psychological evaluation prepared by Ronald Shelton, LCSW, and considered the relevant factors set forth in Section 9721(b) of the Sentencing Code, 42 Pa.C.S. § 9721(b). N.T., 2/3/21, at 2–4; *see also* Trial Court Opinion, 3/8/21, at 2–3. Prior to imposing Appellant's standard-range sentences, the trial court specifically noted Appellant's age and mental health issues, but concluded that Appellant's likelihood of re-offending was high given the sophistication of his criminal activity. *Id.* at 19. In imposing Appellant's aggregate sentence, the court balanced counsel's request not to "warehouse" Appellant with the court's conclusion that the offenses were serious and that Appellant was "in need of treatment that can best be provided in a state correctional institution." N.T., 2/3/21, at 19. Where the sentencing court had the benefit of a PSI report, we presume that the court was aware of

information related to the defendant's character and properly weighed any mitigating factors. ***Commonwealth v. Knox***, 165 A.3d 925, 930-31 (Pa. Super. 2017). Appellant makes no showing to rebut this presumption. Accordingly, we conclude that the trial court did not abuse its discretion.

Finally, as noted hereinabove, Appellant received consecutive sentences of incarceration at three of the above dockets, but received a concurrent probationary sentence at Docket 1785-2020. According to Appellant, a court order issued on February 3, 2021, directed that **all** sentences in the four dockets were to run **consecutive** to all other sentences, which Appellant claims rendered his probationary sentence consecutive instead of concurrent, in contravention of the sentencing order and sentencing hearing. Appellant's Brief at 18.

The trial court maintains that Appellant's "assertion of error … appears to be the result of a misunderstanding" of the February 3, 2021 order. Trial Court Opinion, 3/8/21, at 4. According to the court, the order merely dictated to the Pennsylvania Department of Corrections that the aggregate sentence imposed at the four dockets was to run consecutive to any other sentences Appellant may have been serving from any other cases. As such, the trial court avers that the challenged order did not modify the sentence imposed at Docket 1785-2020, and that probationary term continues to run concurrently with the sentences of incarceration imposed at the remaining three dockets.

Upon review, we agree with the trial court's assessment and conclude that Appellant's probationary sentence was not altered by the February, 3, 2021 order. Accordingly, Appellant is not entitled to relief on this claim.

For the reasons set forth above, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 10/8/2021