J-S06009-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAFIK WHITE | : | |
| | : | |
| Appellant | : | No. 188 WDA 2024 |

Appeal from the Judgment of Sentence Entered August 30, 2023
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0007776-2021

BEFORE:  PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY PANELLA, P.J.E.:           **FILED: February 21, 2025**

Rafik White appeals from the judgment of sentence entered on August 30, 2023, in the Court of Common Pleas of Allegheny County for his convictions of attempted homicide and aggravated assault.[1] White challenges the discretionary aspects of the sentence. After careful review, we affirm.

White pled guilty on June 13, 2023. The factual basis for his plea was laid out by the Commonwealth as follows:

> On July 17th of 2021 at 1:53 AM, Pittsburgh Police responded to 1223 Bingham Street on the South Side for shots fired, indicating that two gunshots were fired. Upon arrival, the police encountered the victim, Nigel W[h]ren. W[h]ren was suffering from two gunshot wounds, one to his neck and one to his groin. W[h]ren was then transported to the hospital. Police interviewed a friend that was at the scene with Mr. W[h]ren and her name is Andrea Bugley. According to Ms. Bugley, she, Nigel

---

[1] 18 Pa.C.S.A. §§ 901(a), and 2702(a)(1), respectively.

W[h]ren and a female friend traveled from the New Castle area to go down to the South Side.

As they were nearing the end of the night and about to go back home, they stopped to get pizza on the way back to their car. As they were walking back to their car, they were confronted by the Defendant, Rafik White. White wanted their pizza and when Nigel and his friends didn't give the Defendant pizza, he began to follow them. Ultimately, when the Defendant could not get the pizza he wanted, he pulled out a gun and shot Nigel in the throat and groin from a distance of approximately three to four feet. After shooting Nigel, the Defendant ran off. Surveillance cameras from the South Side captured the moment of Rafik White after the shooting. After shooting the victim, Rafik White walked to the BP gas station on 10th Street, bought a drink and left the South Side.

The Defendant was arrested at his home in Duquesne on July 20th, 2021. The Defendant waived **Miranda**[2] and was interviewed. At that point he denied shooting anybody. As a result of the shooting, Nigel underwent multiple surgeries to repair an artery in his neck and a collapsed lung.

Nigal continues to suffer from those injuries and goes to physical therapy for both his hands as he suffers from both nerve damage and nerve pain. Nigel no longer has full function of both hands. Lastly, the surgeon that treated Nigel stated he was very [] fortunate to have even survived these injuries.

N.T. Guilty Plea Hearing, 6/13/23, at 10-12 (some formatting altered).

The sentencing court sentenced White to 14 to 28 years' incarceration on August 30, 2023. White filed a timely post-sentence motion and a supplemental post-sentence motion. The sentencing court denied the motions and White filed a timely notice of appeal. White complied with the sentencing court's order to file a Rule 1925(b) statement. **See** Pa.R.A.P. 1925(b).

---

[2] **Miranda v. Arizona**, 384 U.S. 436 (1966).

White raises one issue for our review:

In sentencing Mr. White to 14-28 years' incarceration for [c]riminal [a]ttempt—[h]omicide, whether the [sentencing] court abused its discretion by focusing solely on the seriousness of Mr. White's criminal conduct to the exclusion of all other required sentencing factors—namely, his acceptance of guilt and expression of remorse, as well as his personal history, character, and treatment and rehabilitative needs—in violation of 42 Pa.C.S.A. §§ 9721(b) and 9725?

Appellant's Brief, at 4.

White's claim implicates the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute[] and must be considered a petition for permission to appeal." ***Commonwealth v. Snyder***, 289 A.3d 1121, 1125 (Pa. Super. 2023) (citation omitted). An appellant may invoke this Court's jurisdiction by satisfying the following four-part test:

(1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

***Commonwealth v. Horning***, 193 A.3d 411, 417 (Pa. Super. 2018) (brackets and citation omitted).

Here, White has met the first three requirements: his appeal is timely; he preserved the issue in a post-sentence motion; and his brief includes a statement of the reasons for allowance of appeal. We must next consider whether White has raised a substantial question.

In considering whether a substantial question exists "[o]ur inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." ***Commonwealth v. Knox***, 165 A.3d 925, 929 (Pa. Super. 2017) (citations omitted). A claim "that the [sentencing] court focused exclusively on the seriousness of the crime while ignoring other, mitigating circumstances, such as his mental health history and difficult childhood, raises a substantial question." ***Id.*** (citation omitted). Therefore, White's claim that the sentencing court focused exclusively on the seriousness of his crime raises a substantial question. Thus, we will address the appeal's merits.

White argues that the sentencing court imposed the sentence based only on the seriousness of the offense without considering the mitigating factors. ***See*** Appellant's Brief, at 21-22. Specifically, White asserts that the sentencing court should have considered his acceptance of responsibility, his difficult upbringing, such as being born addicted to heroin and being an adopted child, his abuse of drugs and alcohol as an adult, including being under the influence at the time of the incident, and his subsequent diagnosis of multiple mental health disorders that previously went unaddressed. ***See id.*** at 21. White concedes that the sentencing court acknowledged these mitigating factors but argues that "such consideration must be more than mere fluff." ***Id.*** at 22.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion occurs where the sentencing court ignored or misapplied the law,

exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. In imposing a sentence, the sentencing court must consider the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

Where the court has the benefit of a PSI report, we presume the court was aware of all appropriate sentencing factors and considerations and consider the requirement that the court place its reasoning on the record to be satisfied. In conducting appellate review, we may not reweigh the sentencing factors and impose our own judgment in place of that of the [sentencing] court.

*Commonwealth v. Snyder*, 289 A.3d 1121, 1126-27 (Pa. Super. 2023) (internal quotation marks and citations omitted).

We reject White's assertion that the sentencing court only considered the seriousness of the offense in sentencing him. At the beginning of the sentencing hearing the sentencing court informed the parties that it had read the presentence report. N.T., 8/30/23, at 4-6. White's adoptive mother and sister-in-law testified at the sentencing hearing about some of the hardships White experienced growing up and that he had not always appreciated the consequences of his actions. *See id.* at 6-13; *see id.* at 11 ("He comprehends a portion of don't do it because you told me not to do it, but he doesn't [understand] the actual ramifications of why [he] shouldn't do it.").

Next, White's defense counsel presented a comprehensive argument to the sentencing court. Defense counsel highlighted a psychological report conducted after White's guilty plea that stated White experienced symptoms consistent with substance abuse disorder and multiple mental health

disorders. ***See id.*** at 14-15. Defense counsel also highlighted that White was under the influence at the time of the incident and White's lack of a father figure during his childhood. ***See id.*** at 15-21.

Lastly, the victim's father testified regarding the trauma that his family has endured and the hardship in supporting the victim. ***See id.*** at 22-26.

We reject White's assertion that the sentencing court only considered the seriousness of the offense in sentencing him. Contrary to White's claim, the sentencing court considered the various factors relevant in fashioning the sentence. ***See id.*** at 28-33. At one point the sentencing court stated:

> I have to take into account a couple of things. Number one, you did accept responsibility, both by entering a plea of guilty, and you stood here and you accepted responsibility for your act. I have to take that into account in fashioning a sentence. I have to take into account the fact that you do have rehabilitative needs. There are things that I think that have gone unaddressed in your life that speak to the fact that you may be rehabilitatable (sic). But the seriousness of this offense, . . . what [the victim's] going to have to deal with in the long term all has to be accounted for, and it requires a significant sentence of state incarceration. There's just simply no other way that a just sentence could be fashioned. So I have and I believe the only way to do that is to impose a sentence within the standard range.

***Id.*** at 31.

Based on the foregoing, we conclude the sentencing court more than adequately considered the mitigating factors. Furthermore, the record before us supports the conclusion that the sentencing court did not abuse its discretion in imposing a sentence within the standard range. Therefore, White's challenge to the discretionary aspects of his sentence fails.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 02/21/2025