J-S25020-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN EMANUEL BOSIO | : | |
| | : | |
| Appellant | : | No. 2454 EDA 2024 |

Appeal from the Judgment of Sentence Entered August 21, 2024
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0002130-2022

BEFORE: PANELLA, P.J.E., DUBOW, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.: **FILED SEPTEMBER 16, 2025**

Appellant, John Emanuel Bosio, appeals from the August 21, 2024 judgment of sentence entered in the Delaware County Court of Common Pleas following his conviction by a jury of seven sexual offenses committed against a child under thirteen years of age. Appellant argues that the trial court erred in denying his pre-sentence motion in which he raised a sole claim of ineffective assistance of counsel. After careful review, we affirm.

The factual and procedural history of the case is as follows. On December 31, 2021, the Commonwealth charged Appellant with multiple counts of sexual assault of a child under thirteen years of age based on allegations made by Appellant's nephew ("Victim").

Appellant proceeded to a two-day jury trial and on January 25, 2025, the jury convicted Appellant of three counts of Involuntary Deviate Sexual Intercourse, three counts of Indecent Assault, and one count of Corruption of

Minors.[1]   On July 11, 2024, Appellant filed a pre-sentence motion alleging ineffective assistance of counsel and requesting a new trial.  On August 6, 2024, the trial court denied the motion without a hearing, concluding that issues of ineffective assistance of counsel should be deferred to Post Conviction Relief Act ("PCRA")[2] review.

On August 21, 2024, the court sentenced Appellant to an aggregate term of 13 to 27 years of incarceration.  This timely appeal followed.  Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

1. Did the lower court err in denying [A]ppellant's [pre-sentence] [m]otion[] alleging ineffective assistance of defense counsel?

2. Was [A]ppellant denied his right to effective assistance of counsel where defense counsel failed to file a pretrial [n]otice of [a]libi[,] which resulted in two alibi witnesses not testifying at trial[?]

Appellant's Br. at 5.

Appellant avers that the trial court erred in denying his pre-sentence motion claiming ineffective assistance of counsel.  Appellant's Br. at 11-17. Appellant argues, in his motion and in this appeal, that trial counsel failed to file a notice of alibi and was, therefore, unable to question two witnesses about Appellant's whereabouts during the summer of 2013.  Mem. in Support of Pre-

_____

[1] 18 Pa.C.S. §§ 3123(b), 3126(a)(7), and 6301(a)(1)(ii), respectively.

[2] 42 Pa.C.S. §§ 9541-46.

Sentence Mot., 8/1/24, at 4-8 (unpaginated); Appellant's Br. at 18-24.[3] Appellant argues that the court erred in dismissing his motion because "trial counsel's ineffectiveness in failing to file the required [n]otice of [a]libi as required [] and resulting preclusion of this testimony is readily apparent from the record" and, therefore, his claim required immediate review. Appellant's Br. at 16.

Generally, "claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon [pre-sentence] motions; and such claims should not be reviewed upon direct appeal." *Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013) (footnote omitted). Our Supreme Court has specifically recognized three exceptions to this general rule: (1) "individual claims of ineffective assistance alleged to be of such merit and importance as to warrant immediate review," (2) "instances where the defendant seeks review of a range of ineffectiveness claims and/or of non-record-based claims[,]" and (3) "claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review." *Id.* at 577; *Commonwealth v. Delgros*, 183 A.3d 352, 361 (Pa. 2018). Appellant invokes the first and second exceptions.[4]

---

[3] Part of Appellant's trial strategy was to establish that he visited Victim's family during the summer of 2014, meaning that Victim could not have been under the age of thirteen at the time of the alleged assault.

[4] Appellant does not address the third exception in his brief, and we observe that the third exception would not be applicable in any event because
*(Footnote Continued Next Page)*

The first exception is met where "the trial court, in the exercise of its discretion, determines that a claim (or claims) of ineffectiveness is both meritorious and apparent from the record so that immediate consideration and relief is warranted." *Holmes*, 79 A.3d. at 577. This Court has interpreted this "standard to require proof that counsel's ineffectiveness was so blatant and so shocking to the judicial conscience that there is no need for a hearing and the court is compelled to grant relief." *Commonwealth v. Beauchamps*, 320 A.3d 717320 A.3d 717, 726 (Pa. Super. 2024) (citation and quotation marks omitted). We assess the trial court's decision under an abuse of discretion standard. *Commonwealth v. Knox*, 165 A.3d 925, 929 (Pa. Super. 2017).

Here, the trial court dismissed Appellant's pre-sentence motion after concluding that Appellant's claim did not satisfy the first exception to the rule deferring challenges to trial counsel's effectiveness to PCRA review. Order, 8/5/24, at 3. The court noted that the jury heard extensive testimony about Appellant's alibi at trial, but "nevertheless found the Commonwealth witnesses credible and rejected the timeline presented by [Appellant]." *Id.* In relying on this observation, the court concluded that Appellant's ineffectiveness claim was not so apparent from the record that it required immediate review.

_____

Appellant has been sentenced to an aggregate term of 13 to 27 years of incarceration and will therefore be eligible for PCRA review.

We agree. In light of the fact that Appellant presented testimony of his alibi, we do not find counsel's failure to file a notice of alibi to be so shocking as to require the trial court to review immediately counsel's alleged ineffectiveness. Thus, the trial court did not abuse its discretion in considering Appellant's claim of ineffectiveness in the pre-sentence motion.

Appellant next argues that, in the absence of the first exception, the second exception should apply. Appellant's Br. at 16-17. The second exception concerns unitary review of "prolix" or "multiple and fairly common ineffectiveness claims[.]" *Holmes*, 79 A.3d at 577.

In this case, Appellant raises only one discrete claim of ineffective assistance of counsel and admits that "this is not a case where counsel has raised multiple or prolix claims[.]" Appellant's Br. at 13. Therefore, the second exception, which specifically pertains to multiple or prolix claims, is not applicable in this case.

Having determined that the trial court properly exercised its discretion in denying Appellant's pre-sentence motion, we conclude that based on *Holmes*, *supra*, Appellant's ineffective assistance of counsel claim is not cognizable on direct appeal and must await collateral review.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>9/16/2025</u>