J-S12023-21

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| CLINTON BROWN | : | |
| Appellant | : | No. 601 EDA 2020 |

Appeal from the PCRA Order Entered February 7, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004944-2014

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| CLINTON BROWN | : | |
| Appellant | : | No. 603 EDA 2020 |

Appeal from the PCRA Order Entered February 7, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004946-2014

BEFORE:  LAZARUS, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED JUNE 22, 2021**

Appellant Clinton Brown appeals from the orders denying his timely first

Post-Conviction Relief Act[1] (PCRA) petition without an evidentiary hearing.

Appellant contends that trial counsel was ineffective for failing to preserve his

---

[1] 42 Pa.C.S. §§ 9541-9546.

right to challenge the excessiveness of the sentences imposed by the trial court. We affirm.

We state the facts and procedural history as set forth by this Court in resolving Appellant's direct appeal:

Sharday Williams testified that on January 30, 2014, she and her boyfriend, Derrick Moye, left Moye's house and were approaching her car when [Appellant] approached her from behind, snatched her wallet, and started running. When Moye started to chase after [Appellant], Rasheed Hall stepped out from in front of a parked car and fired one shot into Moye's chest from approximately one foot away. [Appellant] and Hall then fled together on foot, running in the same direction. When the police arrived, Williams described the assailant who stole her wallet as a black male in his twenties who was six feet and one inch tall, with a thin build and brown complexion, and wearing a black hoodie and black pants. Williams described the shooter as wearing a black jacket with a "Dickies" brand logo on the front and blue pants.

Philadelphia Police Officer Matthew Lally testified that on January 30, 2014, he was working in the neighborhood where the robbery occurred when he received information about the shooting and robbery and received a "flash" description of one of the assailants. The flash information described one assailant as a black male in his twenties with a thin build, facial tattoos, and a black hoodie. Based on his experience as an officer for the 39th Police District for ten years, and his numerous interactions with [Appellant] during that time, Officer Lally knew that [Appellant] matched the flash description. Officer Lally went to [Appellant's] home and spoke with his mother. While there, [Appellant] called his mother, and Officer Lally got on the phone and asked [Appellant] where he was. [Appellant] claimed to be with his girlfriend in West Philadelphia. Officer Lally left the house, and continued searching for [Appellant]. Approximately twenty to thirty minutes later, Officer Lally found [Appellant], together with Hall and a third man, several blocks away.

Williams was brought to the street where [Appellant] and Hall had been detained. She identified [Appellant] as the one who had robbed her and Hall as the one who had shot Moye. Williams

testified that her identification of them was based solely on their clothing. [Appellant] and Hall were then taken into custody, and their cell phones were confiscated during a search incident to arrest. Although Hall's phone was locked, investigators secured access to [Appellant's] phone. The call logs of [Appellant's] phone listed multiple calls to and from a contact listed as "Sheed," including two calls immediately after the shooting. When investigators called this number, Hall's phone rang.

Investigators obtained a warrant to search Hall's home, where they discovered several rounds of ammunition. Among the ammunition were fourteen .22 caliber rounds. A silver .22 caliber revolver was found roughly one block from [Appellant's] house. The gun had five live rounds and one spent casing. Hall's clothes tested positive for gunpowder residue.

Detective Ted Wolkiewicz testified that he interviewed [Appellant] on January 31, 2014. During the interview, [Appellant] refused to sign any statements prepared by Detective Wolkiewicz, but admitted verbally that he was the one who had grabbed Williams' wallet, although he did not know that Hall had a gun at the time. Despite this admission, [Appellant] attempted to procure alibi testimony from an ex-girlfriend, Tyenesha Leach. However, in Leach's statement to Detective Wolkiewicz, she admitted that she was not with [Appellant] that night, and she was testifying because [Appellant] had asked her to support him.

[Appellant] was charged in two separate dockets, one of which contained the charge for conspiracy to commit aggravated assault [18 Pa.C.S. §§ 903, 2702] (***Brown I***) and the other which contained the charges for robbery [18 Pa.C.S. § 3701] and conspiracy to commit robbery [18 Pa.C.S. § 903, 3701] (***Brown II***). However, these two dockets were consolidated for the purpose of trial. A jury convicted [Appellant] on May 22, 2015. On August 13, 2015, [Appellant] was sentenced to 72 to 144 months' imprisonment for criminal conspiracy to commit aggravated assault, 102 to 204 months' imprisonment for robbery, and 78 to 156 months' imprisonment for conspiracy to commit robbery. The robbery and conspiracy to commit robbery sentences were ordered to run concurrent to each other, while the conspiracy to commit aggravated assault sentence was ordered to run consecutive to the other sentences [for a total aggregate sentence of 174 to 348 months]. On August 24, 2015, [Appellant] filed a post-sentence motion for reconsideration of sentence for

the **Brown I** charges, which was denied on September 17, 2015. On April 4, 2016, [Appellant] filed a timely notice of appeal for **Brown I**. On April 4, 2016, [Appellant] filed a timely notice of appeal *nunc pro tunc* for **Brown II**. [Appellant] filed a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal on February 16, 2016 for **Brown I**. [Appellant] filed a Rule 1925(b) concise statement of errors complained of on appeal on April 4, 2016 for **Brown II**. The trial court filed its Rule 1925(a) opinion for **Brown I** on May 2, 2016, and its Rule 1925(a) opinion for **Brown II** on July 1, 2016.

**Commonwealth v. Brown**, 1046 EDA 2016, 2017 WL 3624095, at *2 (Pa. Super. filed Aug. 24, 2017) (unpublished mem.) (citations omitted and formatting altered), *appeal denied*, 181 A.3d 1068 (Pa. 2018).[2]

Appellant subsequently filed a direct appeal in which he challenged the sufficiency of the evidence and argued that the trial court's aggregate sentence of 174 to 348 months was "manifestly excessive." **See id.** at *2, *4. On August 24, 2017, this Court affirmed the trial court's judgment of sentence. Importantly, the Court noted that Appellant waived his discretionary sentencing claims with respect to the robbery charges because he failed to preserve them in his post-sentence motion. **See id.** at *4 (stating that "[Appellant] only challenged his sentence for conspiracy to commit aggravated assault in his post-sentence motion for reconsideration of

_____

[2] At trial, Appellant was represented by Angelina Dagher, Esq. (trial counsel). Trial counsel filed the post-sentence motion for reconsideration of sentence on August 24, 2015. Attorney Dagher formally withdrew as counsel on September 17, 2015, and the trial court subsequently appointed David Barrish, Esq., as direct appeal counsel.

sentence. Consequently, he waived his challenges of excessiveness for his robbery sentence and for his conspiracy to commit robbery sentence.").

In any event, the Court rejected Appellant's sentencing claims as meritless, and explained:

> [Appellant] argues that his sentence was an abuse of discretion because his prior record was generated largely from arrests when he was a juvenile, and the court did not adequately consider the mitigating evidence. We have consistently held that a contention that the trial court did not adequately consider mitigating circumstances does not raise a substantial question sufficient to justify appellant review of the merits of such a claim. Nor does [Appellant] cite to a specific provision of the Sentencing Code or to a fundamental norm of the sentencing process to support his claim the judge's consideration of [Appellant's] juvenile record was inappropriate under the Sentencing Code. Therefore, [Appellant] has not presented a substantial question for our review, and review of the merits of his challenge to the discretionary aspects of his sentence is unwarranted.

*Id.* at *5. Subsequently, Appellant filed a petition for allowance of appeal, which our Supreme Court denied on February 6, 2018.

On February 4, 2019, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed Peter Levin, Esq., who subsequently filed an amended petition asserting that trial counsel was ineffective for failing to preserve Appellant's discretionary sentencing claims with respect to the robbery and conspiracy to commit robbery convictions.

On December 13, 2019, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's PCRA petition without a hearing. Appellant did

not file a response, and on February 7, 2020, the PCRA court formally dismissed Appellant's PCRA petition.

Appellant filed timely notices of appeal[3] and a court-ordered Pa.R.A.P. 1925(b) statement. On August 20, 2020, the PCRA court filed a responsive opinion.

On appeal, Appellant raises two issues, which we have reordered as follows:

1. The [PCRA] court [erred] in [denying post-conviction relief on the issue of] whether trial counsel was ineffective for failing to file a proper motion for reconsideration of sentence.

2. The PCRA court [erred] in not granting an evidentiary hearing.

Appellant's Brief at 8 (formatting altered).

In his first issue, Appellant asserts that trial counsel was ineffective for failing to "properly prepare" a motion for reconsideration of sentence that challenged the excessiveness of his total aggregate sentence. *Id.* at 18. Appellant notes that although trial counsel filed a motion challenging the sentence for conspiracy to commit aggravated assault, she did not challenge the sentences for robbery or conspiracy to commit robbery, which ultimately resulted in waiver. *See id.* Appellant takes issue with the discretionary aspects of the trial court's sentence, arguing that the total aggregate sentence "was harsh and unreasonable and had counsel filed a proper motion, the issue would have raised a substantial question on appeal." *Id.* at 19.

---

[3] Appellant filed two separate notices of appeal pursuant to Pa.R.A.P. 341(a). *See Commonwealth v. Walker*, 185 A.3d 969, 977 (Pa. 2018).

The Commonwealth responds that "[Appellant's] claim lacks arguable merit because he would not have prevailed on the motion for reconsideration or on direct appeal, as he does not raise a substantial question, and the sentencing court did not abuse its discretion." Commonwealth's Brief at 5. Additionally, the Commonwealth argues that Appellant's claim fails because he did not address the other two requisite prongs of the ineffectiveness test. *See id.* at 13.

In reviewing Appellant's PCRA claims, we are guided by the following principles:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

> Furthermore, to establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

> We have explained that a claim has arguable merit where the factual averments, if accurate, could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination.

- 7 -

The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective. Moreover, a failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043-44 (Pa. Super. 2019) (citations omitted and formatting altered), *appeal denied*, 216 A.3d 1029 (Pa. 2019).

It is well settled that the failure to file a post-sentence motion does not automatically give rise to a presumption of prejudice. *See Commonwealth v. Reaves*, 923 A.2d 1119, 1129 (Pa. 2007). Our Supreme Court has held that a PCRA court can reinstate a defendant's post-sentence rights *nunc pro tunc* if the defendant successfully pleads and proves he was deprived of the right to file and litigate post-sentence motions as a result of counsel's ineffectiveness. *See Commonwealth v. Liston*, 977 A.2d 1089, 1094 n.9 (Pa. 2009). However, our Supreme Court has emphasized that "the failure to file post-sentence motions does not fall within the limited ambit of situations

where [an appellant] alleging ineffective assistance of counsel need not prove prejudice to obtain relief." **Liston**, 977 A.2d at 1092 (citing **Reaves**, 923 A.2d at 1132) (footnote omitted). Thus, an appellant bears the burden of establishing that trial counsel's failure to file a post-sentence motion prejudiced him; namely, that had counsel filed post-sentence motions, the sentencing court would have granted them. **See Liston**, 977 A.2d at 1092–1093.

Further, our Supreme Court has held that when this Court initially finds an issue waived on direct appeal but then determines that the issue is meritless, the ruling on the merits is a valid holding that constitutes the law of the case as to the ruled-upon issue. **See Commonwealth v. Reed**, 971 A.2d 1216, 1220 (Pa. 2009). Further, because the ruling on the merits of the issue is the law of the case, it constrains this Court's review of the same issue in subsequent collateral proceedings, even if it is nested in a claim of ineffective assistance of counsel. **See id.**

Here, following our review of the record, we agree with the PCRA court that Appellant is not entitled to relief on his ineffectiveness claim. As noted previously, Appellant was required to prove that he suffered actual prejudice based on trial counsel's failure to preserve his discretionary sentencing claims in a post-sentence motion. **See Sandusky**, 203 A.3d at 1043-44; **Liston**, 977 A.2d at 1092–1093. Because a prior panel of this Court concluded that Appellant's sentencing challenge did not raise a substantial question warranting further review, **see Brown**, 2017 WL 3624095, at *4-5, Appellant

cannot establish actual prejudice as a matter of law. ***See Reed***, 971 A.2d at 1220.

In any event, to the extent Appellant claims that the trial court failed to consider the relevant sentencing factors, his claim is belied by the record. At the sentencing hearing, the trial court stated:

> [I]n each of these matters I stated the guidelines. There are mitigating factors and aggravating factors. . . . And so weighing those factors, the protection of the public, the nature and gravity of the offense, impact of life on the victim and the community, as well as your rehabilitative needs, and considering the sentencing guidelines and the facts underlying the conviction, presentence report, mental health report, counsels arguments, the victim impact statement, the statement by [Appellant's] family, the [Appellant's] statement, as well as my observation of you both during the trial and at the sentencing hearing . . . . It's my intention to depart upwards from the guidelines for the reasons I stated.

***See*** N.T. Sentencing Hr'g, 8/13/15, 24-26.

Therefore, even if Appellant's sentencing claims were properly before this Court, he would not be entitled to relief. ***See Commonwealth v. Knox***, 165 A.3d 925, 930-31 (Pa. Super. 2017), *appeal denied*, 173 A.3d 257 (Pa. 2017) (holding that the trial court acted within its discretion in imposing the appellant's sentence despite the appellant's claim that the court failed to consider mitigating evidence and that the sentence was excessive).

For these reasons, we conclude that Appellant has failed to prove that he was prejudiced by trial counsel's failure to properly file a motion for

reconsideration of sentence. *See Sandusky*, 203 A.3d at 1043-44; *Reaves*, 923 A.2d at 1131-32. Accordingly, he is not entitled to relief.

In his second issue, Appellant asserts that the PCRA court erred by declining to hold an evidentiary hearing on the issues raised in his amended PCRA petition. Appellant's Brief at 16. The Commonwealth rejects this assertion, responding that "[Appellant] relies on boilerplate recitations of rules of law without discussion of any issues of fact relating to trial counsel's ineffectiveness. Because he fails to present a developed argument, his claim fails." Commonwealth's Brief at 7.

It is well settled that

> [t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary. To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Maddrey*, 205 A.3d 323, 328 (Pa. Super. 2019) (citations and quotation marks omitted), *appeal denied*, 218 A.3d 380 (Pa. 2019).

Based on our review of the record, we discern no error by the PCRA court in declining to hold an evidentiary hearing. The record reflects that Appellant's claims were purely legal in nature and that he did not raise any issues of genuine material fact pertaining to trial counsel's ineffectiveness.

Therefore, the PCRA court did not abuse its discretion by dismissing Appellant's petition without a hearing. *See Maddrey*, 205 A.3d at 328.

For the foregoing reasons, we conclude that Appellant's claim of ineffective assistance counsel merits no relief. Therefore, we affirm the PCRA court's order dismissing Appellant's PCRA petition without an evidentiary hearing.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/22/2021