J-A06042-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTONIO STEVE CLARK | : | |
| | : | |
| Appellant | : | No. 971 WDA 2021 |

Appeal from the Judgment of Sentence Entered August 22, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0013622-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTONIO CLARK | : | |
| | : | |
| Appellant | : | No. 972 WDA 2021 |

Appeal from the Judgment of Sentence Entered August 22, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0001039-2016

BEFORE:   MURRAY, J., SULLIVAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED: JUNE 3, 2022**

Appellant, Antonio Steve Clark, appeals from the judgments of sentence imposed following his conviction of possession with intent to deliver a controlled substance ("PWID") and person not to possess a firearm.  We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

This appeal arises out of Appellant's guilty plea to offenses at two trial court dockets related to two separate incidents that occurred in 2015. At CP-02-CR-0013622-2015, Appellant was charged with PWID, possession of a controlled substance, criminal conspiracy, and criminal use of communication facility.[1] According to the factual predicate for the plea stipulated to during Appellant's plea colloquy, on January 8, 2015, Appellant sold an undercover detective $250 worth of heroin in 200 individual bags during a controlled purchase organized by a confidential informant in Wilkinsburg, Pennsylvania. N.T., 5/21/18, at 19-20 (stipulating to facts set forth in the January 8, 2015 Affidavit of Probable Cause). Upon his arrest, marijuana, additional heroin, the money used in the controlled purchase, and the cellular phone used to facilitate the transaction were recovered from Appellant. *Id.*

At CP-02-CR-0001039-2016, Appellant was charged with person not to possess a firearm and carrying a firearm without a license.[2] According to the stipulated factual predicate, police received a report on October 5, 2015 of a man holding a large gun standing at the intersection of Frankstown and Brushton Avenues in Pittsburgh. *Id.* (stipulating to facts set forth in the October 5, 2015 Affidavit of Probable Cause). Police responded to the area and discovered Appellant inside a convenience store at that intersection; Appellant was wearing clothing matching the description in the report, and

_____

[1] 35 P.S. § 780-113(a)(30), 35 P.S. § 780-113(a)(16), 18 Pa.C.S. § 903(a)(1), and 18 Pa.C.S. § 7512(a), respectively.

[2] 18 Pa.C.S. § 6105(a)(1) and 18 Pa.C.S. § 6106(a)(1), respectively.

officers observed a pistol sticking out of Appellant's waistband. *Id.* Officers determined that Appellant lacked a permit to carry and that he had a felony robbery conviction prohibiting him from possessing a firearm within the Commonwealth. *Id.*

On May 21, 2018, Appellant entered a general plea to all charges at both dockets. Appellant's sentencing was deferred to allow for the preparation of a presentence investigative report ("PSI").

At the August 22, 2018 sentencing hearing, Appellant called a representative from Justice Related Services who advised the court that Appellant would be eligible for outpatient mental health and drug and alcohol treatment based upon his experiences with neighborhood violence and his post-traumatic stress disorder ("PTSD") diagnosis. N.T., 8/22/18, at 3-4. Defense counsel acknowledged that the sentencing guidelines called for Appellant to receive a long sentence, but he indicated that Appellant had taken responsibility for his actions and completed several programs in jail while awaiting sentencing. *Id.* at 4-7. Counsel requested that the trial court sentence Appellant in the mitigated range and that the sentences be imposed concurrently. *Id.* at 7. Appellant informed the trial court that he had matured since the time of his offenses, he took responsibility for his actions, and he hoped to enroll in a drug and alcohol program. *Id.* at 8-9. The Commonwealth did not make a specific recommendation and instead referred to the sentencing guidelines, highlighting Appellant's high prior record of five

based upon a 2009 robbery conviction and a 2012 conviction of carrying a firearm without a license. *Id.* at 7-8.

After listening to the argument and testimony, the trial court indicated its review of the PSI and reviewed the sentencing guidelines. *Id.* at 3-4, 9. The court noted Appellant's "disturbing" and "extensive" criminal record and recognized the gravity of his current offenses, including the potential dangers to users associated with the distribution of heroin. *Id.* at 9-11. However, the court explained its practice of sentencing a defendant in the mitigated range when they are "willing to step up and admit that they did something wrong." *Id.* at 11. The court further stated that it would not impose sentences concurrently at the two dockets because "[o]n two separate dates, two separate unrelated incidents, you committed two separate sets of crimes." *Id.*

At CP-02-CR-0013622-2015, the trial court imposed a sentence of 18 to 36 months' imprisonment followed by 3 years' probation on the PWID count, with no further penalty on the remaining counts. *Id.* at 12. At CP-02-CR-0001039-2016, Appellant received a sentence of 48 to 96 months' imprisonment followed by 2 years' probation on the person not to possess a firearm count, with no further penalty on the other count. *Id.* at 11-12. Appellant's aggregate sentence was thus 5½ to 11 years' imprisonment followed by 5 years' probation. As the trial court explained, both terms of imprisonment were at the bottom of the mitigated range according to the sentencing guidelines. *Id.* at 9, 11.

- 4 -

Appellant filed a timely post-sentence motion, which the trial court denied. Appellant thereafter filed an appeal. However, on October 28, 2019, this Court quashed the appeal pursuant to **Commonwealth v. Walker**, 185 A.3d 969, 971 (Pa. 2018), **overruled in part by Commonwealth v. Young**, 265 A.3d 462 (Pa. 2021), because Appellant filed a single notice of appeal from the judgments entered at the two trial court dockets. Appellant then filed a timely *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA")[3] raising the issue of ineffectiveness of counsel on his direct appeal. After PCRA counsel was appointed and an amended petition was filed, the PCRA court entered an order granting the petition and reinstating Appellant's direct appeal rights. Appellant thereafter filed notices of appeal at both trial court dockets.[4]

Appellant presents the following issue for our review:

Did the sentencing [c]ourt err or abuse its discretion when imposing a manifestly excessive sentence of five and one-half (5½) to eleven (11) years considering:

a. the substantial mitigating evidence presented at the sentencing hearing,

---

[3] 42 Pa.C.S. §§ 9541-9546.

[4] In accordance with the PCRA court's August 9, 2021 order, Appellant was not directed to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) as he had already filed a concise statement in his initial appeal and the trial court had issued a Pa.R.A.P. 1925(a) opinion on December 7, 2018.

On September 14, 2021, this Court consolidated Appellant's appeals *sua sponte*.

     b. that Appellant demonstrated contrition for his criminal conduct and his strong desire to continue with treatment of his drug and alcohol and mental health issues, and,

     c. the consecutive sentence imposed fails to account for the significant steps Appellant has taken to take responsibility for his actions?

Appellant's Brief at 5.

Appellant raises a challenge to the discretionary aspect of his sentence, which is not appealable as of right. ***Commonwealth v. Akhmedov***, 216 A.3d 307, 328 (Pa. Super. 2019) (*en banc*).

> Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code[.]

***Id.*** (citation omitted). Only once the appellant has satisfied each of the four requirements to invoke our jurisdiction will we proceed to review the merits of the discretionary sentencing issue under an abuse of discretion standard. ***Id.*** at 328-29.

Appellant filed timely notice of appeal, preserved his sentencing issues in his post-sentence motion, and included a Rule 2119(f) statement in his brief. We, therefore, must review the Rule 2119(f) statement to determine whether Appellant has raised a substantial question. A substantial question is present where the appellant advances an argument that the sentence was

inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. *Id.* at 328. The question of whether a substantial question is present must be evaluated on a case-by-case basis. *Commonwealth v. Radecki*, 180 A.3d 441, 468 (Pa. Super. 2018) "We cannot look beyond the statement of questions presented and the prefatory Rule 2119(f) statement to determine whether a substantial question exists." *Id.* (citation and brackets omitted).

In his Rule 2119(f) statement, Appellant asserts that the aggregate sentence imposed by the trial court of 5½ to 11 years consisting of consecutive sentences at the two dockets was "an unnecessarily harsh sentence." Appellant's Brief at 14. Appellant's statement of questions adds that his sentence was manifestly excessive in light of the substantial mitigating evidence presented at the sentencing hearing, including his contrition for his crimes, his desire to continue treatment for drug and alcohol and mental health issues, and efforts at rehabilitation undertaken in jail while Appellant was awaiting sentencing. *Id.* at 5.

Generally, an excessiveness claim based upon the trial court running sentences consecutively, rather than concurrently, is not deemed by this Court to constitute a substantial question. *Radecki*, 180 A.3d at 468-70; *Commonwealth v. Caldwell*, 117 A.3d 763, 769 (Pa. Super. 2015) (*en banc*). "Rather, the imposition of consecutive rather than concurrent sentences will present a substantial question in only 'the most extreme circumstances, such as where the aggregate sentence is unduly harsh,

considering the nature of the crimes and the length of imprisonment.'" *Caldwell*, 117 A.3d at 769 (quoting *Commonwealth v. Lamonda*, 52 A.3d 365, 372 (Pa. Super. 2012) (*en banc*)). On the other hand, an excessive sentence claim paired with an assertion that the sentencing court failed to consider mitigating evidence is considered a substantial question. *Commonwealth v. Wallace*, 244 A.3d 1261, 1278 (Pa. Super.), *appeal granted on other grounds*, 270 A.3d 428 (Pa. 2021); *Caldwell*, 117 A.3d at 770; *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014).

Appellant's claim that the trial court's imposition of consecutive sentences at the two dockets resulted in an excessive sentence does not raise a substantial question because Appellant has not alleged that his aggregate sentence constitutes "extreme circumstances" in light of the conduct in which he was engaged or the crimes of which he was convicted. *Caldwell*, 117 A.3d at 769 ("[A] bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.") (citations omitted); *see also Radecki*, 180 A.3d at 470. However, to the extent Appellant argues that the aggregate sentence imposed was excessive in light of the trial court's failure to consider mitigating circumstances presented at sentencing, Appellant has presented a substantial question that allows for our review of the merits of his claim. *Wallace*, 244 A.3d at 1278; *Akhmedov*, 216 A.3d at 328; *Caldwell*, 117 A.3d at 770; *Raven*, 97 A.3d at 1253.

Our standard of review for challenges to the discretionary aspects of sentencing is as follows:

- 8 -

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Watson*, 228 A.3d 928, 936-37 (Pa. Super. 2020) (citation omitted).

The trial court sentenced Appellant in the mitigated range of the sentencing guidelines for both the PWID and person not to possess a firearm charges. Therefore, pursuant to Section 9781 of the Sentencing Code, we may only vacate Appellant's sentence "where the application of the guidelines would be clearly unreasonable." 42 Pa.C.S. § 9781(c)(2). In making this determination, we must consider the following factors:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d). We further note that, pursuant to Section 9721(b) of the Sentencing Code, the trial court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant" when imposing a sentence of total confinement. 42 Pa.C.S. § 9721(b).

In arguing that his aggregate sentence of 5½ to 11 years' imprisonment followed by 5 years' probation was excessive and unreasonable, Appellant contends that the "record is devoid of any consideration of mitigating circumstances or Appellant's need for rehabilitation." Appellant's Brief at 19. Appellant further asserts that the trial court "essentially ignored Appellant's mental health and drug and alcohol issues." *Id.* at 20.

We find no merit in Appellant's discretionary sentencing claim. First, we note that the trial court was in possession of, and indicated its review of, the PSI. N.T., 8/22/18, at 3-4, 9. Where the court has the benefit of a PSI, we "presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Knox*, 165 A.3d 925, 930 (Pa. Super. 2017) (citation omitted). "A [PSI] constitutes the record and speaks for itself." *Id.* (citation omitted). "Having been fully informed by the [PSI], the sentencing court's discretion should not be disturbed." *Id.* (citation omitted).

In addition to the PSI, Appellant presented mitigating evidence to the trial court during the sentencing hearing. The Justice Related Services representative stated to the trial court that Appellant was eligible for mental health and drug and alcohol treatment based upon his history of mental health issues and PTSD diagnosis, and Appellant informed the court of his remorse for his crimes and that he was working on developing a "positive mental

attitude with the aid of the drug and alcohol program."[5]  N.T., 8/22/18, at 3-4, 8-9.    Furthermore, defense counsel also advised the trial court of Appellant's maturation since his arrest, his acceptance of responsibility for his crimes, and his efforts at rehabilitation while in jail.  *Id.* at 4-7.

Therefore, the record reflects that the trial court was aware of the mitigating factors when it imposed Appellant's sentence.  The trial court gave one mitigating factor special weight—Appellant's decision to enter a guilty plea and accept responsibility for his crimes—and therefore imposed the sentences of incarceration at the bottom of the mitigated range.  *Id.* at 11; *see also* Trial Court Opinion, 12/7/18, at unnumbered page 4 (stating that the sentence reflected the mitigating factors, "[m]ost notably . . . Appellant's willingness to accept responsibility for his conduct").   Moreover, the court considered Appellant's potential for rehabilitation in light of his criminal and personal history and determined that counseling alone would not alter his self-destructive path; instead, the court determined that it "must essentially force you down the correct path [with a sentence of incarceration] in an effort to save your life."  N.T., 8/22/18, at 10.

Upon our review of the record, we conclude that the trial court discharged its duties under the Sentencing Code and did not abuse its discretion.  The trial court was provided with the PSI as well as additional

---

[5] Appellant also described his anxiety and PTSD diagnoses to the trial court during his plea colloquy.  N.T., 5/21/18, at 12-14.

- 11 -

mitigating evidence during the sentencing hearing, and therefore we must presume that the trial court considered these factors when determining Appellant's sentence. *Knox*, 165 A.3d at 930. The court also adequately addressed the Section 9721(b) factors on the record at the sentencing hearing and explained both its rationale for imposing the sentences in the mitigated range and running the sentences at the two dockets consecutively because they involved "two separate sets of crimes" on "two separate dates." N.T., 8/22/18, at 11; *see* 42 Pa.C.S. § 9721(a) (sentencing court authorized to impose sentences "consecutively or concurrently"); *Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2013) (stating that "imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court") (citation omitted).

While Appellant takes issue in this appeal with the fact that the trial court did not give greater weight to certain mitigating factors, all that the Sentencing Code requires is that the court consider all of the relevant factors when imposing the sentence. *See Commonwealth v. Naranjo*, 53 A.3d 66, 72-73 (Pa. Super. 2012) (fact that trial court "simply chose to emphasize certain factors more heavily than [a]ppellant's remorse, potential for rehabilitation, and his status as a first time offender" did not warrant a finding that sentence was unreasonable where the court was in possession of PSI and appropriately weighed sentencing factors). Accordingly, Appellant is entitled to no relief in this appeal, and we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/3/2022