J-S23031-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD C. PIZZICAROLI | : | |
| | : | |
| Appellant | : | No. 332 MDA 2022 |

Appeal from the Judgment of Sentence Entered February 9, 2018
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0005518-2016

BEFORE:   STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:              **FILED OCTOBER 14, 2022**

Appellant, Richard C. Pizzicaroli, appeals from the judgment of sentence imposed following his guilty plea to aggravated assault by vehicle while driving under the influence ("DUI")[1] and related offenses.  We affirm.

On February 9, 2018, Appellant entered an open guilty plea to aggravated assault by vehicle while DUI, DUI—general impairment,[2] and fleeing or attempting to elude police officer.[3]  Appellant's guilty plea was based upon an incident that took place at approximately 9:00 a.m. on August 25, 2016 in which he operated a motor vehicle in the City of Reading while his

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 3735.1(a).

[2] 75 Pa.C.S. § 3802(a)(1).

[3] 75 Pa.C.S. § 3733(a).

faculties were impaired due to the consumption of alcohol, his vehicle struck a pedestrian causing her serious bodily injury, and he then fled the scene leading police officers on a chase. N.T., 2/9/18, at 7-8. On the same date as the guilty plea, the sentencing court imposed a sentence of 5 to 10 years' imprisonment for aggravated assault by vehicle while DUI, a concurrent term of 1 to 3 years' imprisonment for fleeing or attempting to elude police officer, and no further penalty for DUI—general impairment.

Appellant did not file a post-sentence motion or direct appeal. On January 28, 2019, Appellant filed a *pro se* petition under the Post Conviction Relief Act ("PCRA").[4] Counsel was appointed and an amended PCRA petition was filed seeking the *nunc pro tunc* reinstatement of Appellant's direct appeal rights. The PCRA court denied relief, and Appellant appealed. On August 10, 2021, this Court issued a decision vacating the denial of the PCRA petition and remanding this matter to the PCRA court to reinstate Appellant's post-sentence and direct appeal rights. *See Commonwealth v. Pizzicaroli*, No. 1372 MDA 2020, 2021 WL 3507668 (Pa. Super. filed August 10, 2021) (unpublished memorandum).

On January 25, 2022, the PCRA court entered an order granting the PCRA petition and reinstating Appellant's post-sentence and direct appeal

---

[4] 42 Pa.C.S. §§ 9541-9546.

rights.[5] On February 14, 2022, Appellant filed, through counsel, a *nunc pro tunc* post-sentence motion. On February 16, 2022, the sentencing court issued an order granting *nunc pro tunc* relief but denying the motion. Appellant thereafter filed this timely appeal.[6]

On appeal, Appellant raises the following issue:

Whether the [s]entencing [c]ourt erred and abused [its] discretion in denying the Post Sentence Motion Nunc Pro Tunc which sought a reconsideration of the February 9, 2018, sentence by deviating from the sentencing guidelines without stating adequate reasons for doing so, and by failing to appropriately weigh Appellant's background and circumstances?

Appellant's Brief at 6 (footnote omitted).

Counsel challenges the sentencing court's exercise of discretion in imposing his sentence. A challenge to the discretionary aspect of a sentence is not appealable as of right. ***Commonwealth v. Akhmedov***, 216 A.3d 307, 328 (Pa. Super. 2019) (*en banc*).

Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of

---

[5] The PCRA court initially granted the PCRA petition on September 15, 2021, which led to Appellant's filing of a post-sentence motion, the sentencing court's denial of the motion on September 22, 2021, and Appellant filing a notice of appeal to this Court. However, because the September 15, 2021 order was issued before this Court's remand of the record from Appellant's initial appeal, we deemed the PCRA court's September 15, 2021 order and sentencing court's September 22, 2021 order legal nullities and dismissed the appeal. ***See*** Order, No. 1358 MDA 2021, 12/9/21. Following remand of the record a second time, the PCRA court issued its January 25, 2022 order.

[6] Appellant filed his concise statement of errors complained of on appeal on March 10, 2022. The sentencing court entered its Pa.R.A.P. 1925(a) opinion on April 5, 2022.

appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code[.]

*Id.* (citation omitted).

Appellant has complied with the first three requirements by filing a timely notice of appeal, preserving the issue raised on appeal in his post-sentence motion, and including a Rule 2119(f) statement in his brief. Therefore, we must proceed to determine whether Appellant presents a substantial question that merits our review. A substantial question is present where the appellant advances an argument that the sentence was inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. *Id.* "[W]e cannot look beyond the statement of questions presented and the prefatory [Rule] 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Radecki*, 180 A.3d 441, 468 (Pa. Super. 2018) (citation omitted).

Appellant raises a substantial question by arguing that the sentencing court did not set forth adequate reasons for the sentence. *Commonwealth v. Proctor*, 156 A.3d 261, 273 (Pa. Super. 2017); *Commonwealth v. Macias*, 968 A.2d 773, 776 (Pa. Super. 2009). Therefore, we will review the merits of Appellant's sentencing claim. Our standard of review for challenges to the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Taylor**, 277 A.3d 577, 592-93 (Pa. Super. 2022) (citation omitted).

Appellant argues that the sentencing court abused its discretion by imposing a sentence at the statutory maximum without consideration of his pre-sentence investigative report ("PSI"), which showed mitigating factors such as his extensive work history and caretaking responsibilities for his father. Appellant contends that the sentence was severe on its face and in excess of what was necessary to achieve consistency with the sentencing factors set forth in Section 9721(b) of the Sentencing Code. 42 Pa.C.S. § 9721(b) (sentence of confinement must be consistent with "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant").

The record reflects that the concurrent sentences of 5 to 10 years for aggravated assault by vehicle while DUI and 1 to 3 years for fleeing or attempting to elude police officer were within the standard guideline range.[7]

_____

[7] Appellant had a prior record score of 5 and the offense gravity score for aggravated assault by vehicle while DUI was 9; therefore, the standard range

*(Footnote Continued Next Page)*

When the sentencing court has applied the sentencing guidelines correctly and imposed a sentence within the sentencing guidelines, this Court shall only vacate the sentence "where the application of the guidelines would be clearly unreasonable." 42 Pa.C.S. § 9781(c)(2). Furthermore, in all cases, we must assess whether the court exercised its discretion in weighing the statutory sentencing factors and imposed an individualized sentence on the defendant.

*Commonwealth v. Bowen*, 975 A.2d 1120, 1124 (Pa. Super. 2009).

In this case, the sentencing court had the benefit of a PSI at the time of sentencing. N.T., 2/9/18, at 9.

> Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A presentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed.

*Commonwealth v. Conte*, 198 A.3d 1169, 1177 (Pa. Super. 2018) (citation omitted)

At sentencing, the Commonwealth described the events of the crash, including how the 65-year-old victim, Beverly Jean Seidel, was thrown into the air after being struck by Appellant's vehicle and the subsequent high-

---

was 48 to 60 months. The offense gravity score for fleeing or attempting to elude police officer was 5 and the standard range was 12 to 18 months. 204 Pa. Code §§ 303.15, 303.16(a); *see also* N.T., 2/9/18, at 9-10.

speed chase through the City of Reading. N.T., 2/9/18, at 10-12. The Commonwealth also admitted photographs of Appellant's car, which demonstrated the damage caused by the impact of Ms. Seidel's body, including a broken windshield. *Id.* at 11-12; Commonwealth's Ex. 1. The victim, Beverly Jean Seidel, then explained to the court that she sustained numerous injuries from the crash, including fractures of her left hip and pelvic bone that required the insertion of screws and rods and breaks of "every bone" in her left foot that necessitated multiple surgeries, the insertion of a plate, and resulted in the foot being "damaged for life." N.T., 2/9/18, at 13-14. Based upon the severity of the crime as well as Appellant's extensive prior record, the Commonwealth recommended an aggregate sentence of 5 to 10 years' imprisonment. *Id.* at 13.

Defense counsel responded by describing Appellant's education and employment history and submitting various letters to the court from Appellant's friends and co-workers. *Id.* at 14-16; Defense Ex. 1. Counsel also explained how Appellant assists in caring for his father who suffers from dementia. N.T., 2/9/18, at 15. Counsel stated that the bulk of Appellant's prior record score relates to drug convictions from one isolated period of criminality nearly 20 years in the past and his only other convictions were comparatively more minor, including a prior DUI. *Id.* at 16-17. Counsel also described Appellant's sincere remorse and recommended that the court impose a county-level sentence that would allow for work release and permit him to begin to repay his debt to society. *Id.* at 17-19. Appellant then

addressed the court and apologized to Ms. Seidel, as well as his friends and family, and expressed his intention to redeem himself through future life choices. *Id.* at 19-20.

In this matter, the sentencing court had the benefit of a PSI and indicated its consideration of the comments of the Commonwealth, defense counsel, the victim, and Appellant, the recommendation of the Commonwealth, the sentencing guidelines, and the parties' submissions. *Id.* at 9, 14, 20. While Appellant argues that the sentencing court ignored certain mitigating factors—namely, Appellant's extensive work history and his caretaking responsibilities for his ailing father—the record at the sentencing hearing belies this claim. "It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand." *Commonwealth v. Knox*, 165 A.3d 925, 930-31 (Pa. Super. 2017) (citation omitted). "Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Commonwealth v. Hill*, 210 A.3d 1104, 1117 (Pa. Super. 2019).

We find no basis to conclude that the sentencing court failed to consider the relevant sentencing factors or that the application of the guidelines was clearly unreasonable. 42 Pa.C.S. §§ 9721(b), 9781(c)(2). Accordingly, Appellant is not entitled to relief on his discretionary sentencing claim, and we affirm his sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2022