J-S22036-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEITH BERRY | : | |
| | : | |
| Appellant | : | No. 651 WDA 2022 |

Appeal from the Judgment of Sentence Entered April 12, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at CP-02-CR-0005812-2019

BEFORE:  OLSON, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED: JULY 14, 2023**

Keith Berry (Appellant) appeals from the judgment of sentence imposed following his plea of guilty to one count of robbery.  ***See*** 18 Pa.C.S.A. § 3701(a)(1)(v).  We affirm.

The trial court detailed the facts adduced at Appellant's plea hearing as follows:

On December 2, 2018, police officers from the City of Pittsburgh Bureau of Police were dispatched to a CoGo's convenience store.  An employee of CoGo's, the cashier, reported that [Appellant] entered the store and purchased a bottle of water. The price of the bottle of water was $.99.  [Appellant] paid for the water with a $1.00 bill.  The cashier did not believe [Appellant] wanted change because, according to the cashier, few customers ever want a penny for change.  [Appellant] became irate and demanded his penny.  When the cashier opened the cash register, [Appellant] jumped on the counter, reached over, grabbed the money from the cash register and ran out of the store.  [Appellant] grabbed the cashier's hand when she tried to stop him. [Appellant] stole approximately $100.   Fingerprints were recovered from the scene and, after forensic analysis, they were

determined to be fingerprints of [Appellant]. The cashier identified [Appellant] from a photo array. [Appellant] was arrested and charged with robbery[, 18 Pa.C.S.A. § 3701(a)(1)(i)(iv) (inflicts or threatens bodily injury during robbery)].

Trial Court Opinion, 12/2/22, at 1-2.

Appellant's plea hearing occurred on January 12, 2022. The prosecutor stated the terms of the parties' negotiated guilty plea agreement:

The Commonwealth has agreed to amend the robbery charge to 18 [Pa.C.S.A. §] 3701(a)(1)(v),[1] which is a felony 3 robbery, force however slight. And I would tell the court that this is agreed to by the victim and … the investigative detective from the … police department. And sentencing, Your Honor, is at your discretion without any comment or recommendation from the Commonwealth.

N.T., 1/12/22, at 4 (footnote added; some capitalization modified).

The trial court then colloquied Appellant about the plea agreement and his awareness of the sentence the trial court could impose:

THE COURT: And, [Appellant], you agree to plead guilty to a felony of the third degree? The maximum penalty is seven years in prison, the Court to determine sentence.

[Appellant]: Yes, Your Honor.

THE COURT: Do you understand the guidelines of this case suggest that you should go to the county jail for at least 9 months on the mitigated side and 12 to 18 months, which is a state sentence, on the standard side?

[Appellant]: Yes, Your Honor.

_____

[1] Under this subsection, a "person is guilty of robbery if, in the course of committing a theft, he … physically takes or removes property from the person of another by force however slight[.]" 18 Pa.C.S.A. § 3701(a)(1)(v).

*Id.* at 5. The trial court accepted Appellant's guilty plea as knowingly and voluntarily tendered, *id.* at 8, and deferred sentencing for the preparation of a pre-sentence investigation report (PSI).

Sentencing occurred on April 12, 2022. The trial court noted it had reviewed two separate PSI's, dated April 6, 2022, and July 13, 2012, respectively. N.T., 4/12/22, at 2-3. The Commonwealth stated to the trial court, per the negotiated plea agreement, "sentencing [is] at your discretion without any comment from the Commonwealth." *Id.* at 3; *see also id.* at 3-4 (noting Appellant had a "prior record score of five" and the sentencing guidelines called for "12 to 18 months standard, 9 months mitigated"). Appellant's counsel responded, "Your Honor, we would be requesting a county sentence for [Appellant]." *Id.* at 4. The defense continued:

> Your Honor, [Appellant] is accepting responsibility for what happened. The video does show a … robbery by force…. My client feels awful for what he did. He's not trying to make an excuse, but he was very high on Methamphetamine during the act.

*Id.*; *see also id.* at 8 (defense counsel arguing, "personally I do believe it is a mitigation to have an active addiction."). Appellant's counsel further claimed Appellant had a "lifetime of being around a mother with a drug addiction, a father that took his own life in front of [Appellant,] that led" Appellant to suffer from post-traumatic stress disorder. *Id.* at 8.

Defense counsel further emphasized that Appellant had been accepted into a rehabilitation program proposed by "Justice Related Services" (JRS),[2] which entailed "plans for inpatient treatment, step down to outpatient and then community…." *Id.* at 13; *see also id.* at 14 (defense counsel informing the court that Appellant had recently become a grandfather, which "would be an incentive for him to remain on good behavior.").

The trial court considered testimony from the JRS representative, Vicki Melby (Melby). *Id.* at 16. Melby testified:

> Our recommendation is for a du[a]l inpatient program[. Appellant has] been assessed and accepted at Cove Forge. He would complete up to 90 days of that program and then he would transfer [to] a recovery setting with outpatient, mental health and drug and alcohol treatment.

*Id.* The trial court asked Melby, "do we have any people … at this facility at Cove Forge to keep [Appellant] from leaving?" *Id.* Melby responded: "We do not." *Id.*

_____

[2] Appellant states that the Allegheny County JRS program "provides an array of support for adults with a mental illness or a co-occurring mental illness and substance use disorder and for a person[] dually diagnosed with a mental illness and intellectual disability, who are involved in the criminal justice system." Appellant's Brief at 8 n.1 (citation omitted); *see also* https://www.dhs.pa.gov/Services/Mental-Health-In-PA/Pages/Justice-Related-Services.aspx (last visited June 28, 2023). Appellant correctly explains that if he "received a state sentence, JRS would not be permitted to assist him." *Id.* at 18; *see also* N.T., 4/12/22, at 16-17.

The trial court also considered Appellant's allocution, where he expressed remorse for his actions and their impact on the victim. *Id.* at 19-20.

The trial court sentenced Appellant to one to three years in state prison, followed by three years of probation. The court stated, *inter alia*:

> I don't doubt [Appellant's] sincerity, but his track record says that we can't rely on his promise, we can't to the detriment of the community. … The reason for the 12 to 36 [months in prison sentence] is I think [Appellant] needs closer supervision. Generally we sentence double the minimum, which would be 12 to 24 [months] in this case, but it's 12 to 36, because I think [Appellant] needs closer supervision, which he will get on state parole before the probation starts.

*Id.* at 23-24.

Appellant timely filed a post-sentence motion to modify sentence (PSM) on April 22, 2022. Appellant claimed the trial court "failed to properly take into consideration [Appellant's] rehabilitative needs when imposing the sentence[,] and the sentence is manifestly excessive." PSM, 4/22/22, ¶ 15; *see also id.* ¶¶ 9-14 (discussing mitigating factors including Appellant's difficult childhood). The trial court denied the PSM on April 27, 2022. Appellant timely appealed.[3]

Appellant presents a single question for review:

1. Whether the trial court abused its discretion in sentencing [Appellant,] where it failed to consider his character, personal

---

[3] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

history, and treatment and rehabilitation needs, in violation of 42 Pa.C.S.A. § 9721(b) and 42 Pa.C.S.A. § 9725?

Appellant's Brief at 5.

Appellant challenges the discretionary aspects of his sentence, from which there is no absolute right to appeal. ***Commonwealth v. Summers***, 245 A.3d 686, 691 (Pa. Super. 2021). Where an appellant has preserved his sentencing challenge at sentencing or in a timely PSM, he must (1) include in his appellate brief a Pa.R.A.P. 2119(f) concise statement of reasons relied upon for allowance of appeal; and (2) show that there is a substantial question that the sentence is not appropriate under the Sentencing Code. ***Id.***

Appellant has included a thorough Rule 2119(f) statement in his brief. ***See*** Appellant's Brief at 20-27. Further, he presents a substantial question. ***See Commonwealth v. Knox***, 165 A.3d 925, 929-30 (Pa. Super. 2017) ("A claim that the trial court focused exclusively on the seriousness of the crime while ignoring other, mitigating circumstances … raises a substantial question."); ***Commonwealth v. Harvard***, 64 A.3d 690, 701 (Pa. Super. 2013) (recognizing as a substantial question a claim that a sentencing court failed to consider defendant's rehabilitative needs in imposing a manifestly excessive sentence). Accordingly, we review the merits of Appellant's issue.

We are mindful that sentencing "is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." ***Commonwealth v. Barnes***, 167 A.3d 110, 122 n.9 (Pa. Super. 2017) (*en banc*) (citation omitted).

In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted). Our Supreme Court has explained:

The reason for this broad discretion and deferential standard of appellate review is that the sentencing court is in the best position to measure various factors and determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed.

*Commonwealth v. Pasture*, 107 A.3d 21, 27-29 (Pa. 2014) (citations and quotation marks omitted).

The Sentencing Code provides that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). The trial court must also consider the sentencing guidelines. *See Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008). Finally, the court "need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the

crime and character of the offender." ***Commonwealth v. Schutzues***, 54 A.3d 86, 99 (Pa. Super. 2012) (citation omitted).

Here, it is undisputed that Appellant's sentence fell within the **standard range** of the sentencing guidelines. ***See*** Appellant's Brief at 17; Commonwealth Brief at 16. Therefore, we may only vacate Appellant's sentence if "the case involves circumstances where the application of the guidelines would be clearly unreasonable." 42 Pa.C.S.A. § 9781(c)(2); ***see also Commonwealth v. Raven***, 97 A.3d 1244, 1254 (Pa. Super. 2014). We are mindful that "rejection of a sentencing court's imposition of sentence on unreasonableness grounds [should] occur infrequently, whether the sentence is above or below the guideline ranges." ***Commonwealth v. Walls***, 926 A.2d 957, 964 (Pa. 2007).

Appellant claims the trial court abused its discretion in imposing a manifestly excessive sentence and failing to adequately consider Appellant's rehabilitative needs. Appellant argues the trial court improperly sentenced him "solely on the seriousness of his offense and lengthy criminal record," Appellant's Brief at 25, and "simply **refused** to take into consideration any evidence of [Appellant's] character, personal history, and treatment and rehabilitation needs." ***Id.*** at 38 (emphasis in original; footnote omitted). Appellant claims the trial court "ignore[ed] the dysfunctional nature of [Appellant's] childhood and his struggles with substance abuse" and "mental health problems." ***Id.*** at 24, 25 (citation and quotation marks omitted).

Though Appellant concedes "the sentencing guidelines recommended imposition of a state sentence" *id.* at 25, he claims the trial court should not have denied his request to receive a "county-length sentence so that he could participate in JRS." *Id.*

Conversely, the Commonwealth argues "the trial court did not abuse its discretion in fashioning … Appellant's sentence because the trial court was fully informed about Appellant's individual needs and the circumstances of the crime." Commonwealth Brief at 22-23 (some capitalization modified). We agree.

The trial court explained:

> The record in this case supports the sentence imposed by this court. Notably, the applicable standard range of the sentencing guidelines was 12-18 months' imprisonment. The minimum sentence imposed in this case was at the **low end of the standard range of the sentencing guidelines**. This court reviewed the [PSI] and considered the contents of that report in imposing sentence. This court was persuaded that the sentence imposed was appropriate because [Appellant] committed a serious felony offense in this case in which he stole money by force. This court considered the effect [Appellant's] actions had on the victim. The victim [stated] that she was traumatized by the events that occurred during the robbery. Additionally, this court considered [Appellant's] prior criminal record. [**Appellant**] **has prior felony and misdemeanor convictions, including robbery**, and he has served prior state and county prison sentences on different cases which were served concurrently. [**Appellant**] **previously violated parole** and was recommitted to state prison. He also has numerous juvenile adjudications. In this case, [Appellant] blamed his conduct on drug use, which in and of itself violates the law. Based on the circumstances of this case, this court believed that a state prison sentence was appropriate. [**Appellant**] **has demonstrated a history of breaking the law and not conforming his conduct to the law**.

Trial Court Opinion, 12/2/22, at 4 (emphasis added; some capitalization modified).

The trial court's reasoning is amply supported by the law and the record. Further, and as noted above, the trial court confirmed its consideration of **two** PSI's prior to imposing Appellant's sentence. N.T., 4/12/22, at 4. Where a sentencing court had the benefit of a PSI, "it will be presumed that [the court] was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Conklin***, 275 A.3d 1087, 1098 (Pa. Super. 2022) (citation omitted); ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009).

In sum, we discern no abuse of the sentencing court's discretion. Contrary to Appellant's claim, his standard-guideline-range sentence is not unreasonable or excessive. ***See Commonwealth v. Hill***, 210 A.3d 1104, 1117 (Pa. Super. 2019) ("where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.") (quoting ***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010) (holding combination of PSI and standard-range sentence, absent more, cannot be considered excessive or unreasonable)); ***see also Walls***, ***supra*** (holding rejection of a sentence on unreasonableness grounds should occur infrequently).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/14/2023</u>